Lance C. Dotson appeals from a judgment of the Hillsboro Municipal Court, which convicted him of operating a motor vehicle while under the influence of alcohol ("OMVI"). He raises a single assignment of error:
 The Highland County Municipal Court [sic] erred in not granting the defendant's motion to dismiss for failure of the State of Ohio to provide the defendant a speedy trial as provided in O.R.C. 2945.71(B)(2).
 I.
The appellant was arrested on June 27, 1998 after a motor vehicle accident. A complaint charged him with OMVI (R.C.4511.19(A)(1)) and two other misdemeanors. After a series of procedural delays that are not relevant to this appeal, the appellant appeared for a pretrial conference on July 31, 1998. At that hearing the court set a trial date of September 1, 1998. A pre-trial statement signed by the appellant and his counsel indicated that discovery was complete. However, on August 24, 1998, the appellant requested and received an additional pretrial hearing for August 27, 1998. At the second pretrial, the appellant and the state indicated that an additional item of discovery was forthcoming. This item, an accident report prepared by an investigating officer, had not been previously furnished to the defense. The court rescheduled the trial date to September 22, 1998 and gave the state until September 18, 1998 to disclose the accident report to the defense. The court also granted the appellant's request for leave to file motions in limine on or before September 4, 1998.
However, the prosecution did not disclose the accident report, which it planned to use, until the morning of the trial.[1] The appellant requested either a continuance in light of the late production of this item or an order prohibiting the state from using it. The court continued the trial until October 20, 1998. Another series of irrelevant procedural delays occurred until October 23, 1998, when the appellant filed a motion to dismiss the indictment for failure of the state to provide a speedy trial within the time limits provided in R.C. 2945.71 through R.C.2945.73. The court conducted a hearing on the appellant's motion and took the matter under submission. After the trial court ultimately denied the motion, the appellant pled no contest to the OMVI charge on January 29, 1999. The appellant filed a timely notice of appeal.
 II.
The appellant contends that the trial court erred in overruling his motion to dismiss the complaint for the state's failure to bring him to trial within the speedy trial requirements of R.C.2945.71. The statutory speedy trial provisions contained in R.C.2945.71 through R.C. 2945.73 are coextensive with the speedy trial mandates of the federal and Ohio constitutions. State v.King (1994), 70 Ohio St.3d 158, 160; see, also, State v. Pachay
(1980), 64 Ohio St.2d 218, syllabus. Because they are designed to implement constitutional guarantees, the speedy trial statutes are mandatory and strictly enforced against the state. Id.; see, also, State v. Montgomery (1980), 61 Ohio St.2d 78, 80; State v.Pudlock (1975), 44 Ohio St.2d 104, 105. An accused is entitled to be discharged from custody if he is not brought to trial within the time required by R.C. 2945.71 and 2945.72. R.C. 2945.73(B). The state bears the burden of bringing an accused to trial within the statutorily required time. State v. Singer (1977), 50 Ohio St.2d 103,105-06. When reviewing speedy trial issues, we are presented with a mixed question of law and fact. State v. Hiatt
(1997), 120 Ohio App.3d 247, 261. While we accept the trial court's factual findings if supported by competent, credible evidence, we review the trial court's application of the law to those facts de novo. Id. see, also, State v. Buck (Apr. 20, 1999), Ross App. No. 98CA2432, unreported; State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136, unreported.
An accused presents a prima facie case for discharge by demonstrating that his case was pending for a time exceeding the statutory limits provided in R.C. 2945.71. State v. Butcher
(1986), 27 Ohio St.3d 28, 30-31. The burden then shifts to the state to show that the time limit was extended pursuant to R.C.2945.72. Id. at 31. While R.C. 2945.71 governs calculation of speedy trial deadlines, R.C. 2945.72 provides for extensions of those deadlines. See Brecksville v. Cook (1996), 75 Ohio St.3d 53,55-56; State v. Keaton (May 16, 1996), Pickaway App. No. 95CA15, unreported. Extensions of time under R.C. 2945.72 are strictly construed against the state. Singer,50 Ohio St.2d at 109.
The appellant was charged with OMVI in violation of R.C.4511.19(A)(1), a misdemeanor of the first degree. For first-degree misdemeanors, the state must bring an accused to trial within ninety days of his arrest or service of summons. R.C. 2945.71(B)(2). In this case, the appellant was arrested on June 27, 1998. Thus, pursuant to R.C. 2945.71(B)(1), the state was obliged to bring the appellant to trial on or before September 25, 1998. The appellant's final trial date in this case was January 29, 1999, at which time he pled no contest. Because he was not brought to trial until two hundred sixteen days after his arrest, the appellant has established a prima facie case for discharge.
The state argues that the speedy trial time was tolled by several actions by the appellant, many of which are not disputed. The undisputed delays chargeable to the appellant tolled the speedy trial period for one hundred four days. Thus, despite these various delays, the state brought the appellant to trial on the one hundred twelfth day (for speedy trial purposes) following the appellant's arrest. Without any further tolling, the speedy trial time mandated by R.C. 2945.71 was exceeded by twenty-two days.
The relevant dispute in this case centers on the period between August 27, 1998 and September 22, 1998. The state argues that the appellant requested a second pretrial conference and is therefore charged with a delay from August 27, 1998, the date of the second pretrial conference, until September 22, 1998, the trial date set by the trial court as a result of the requested pretrial conference. Charging this twenty-six day period to the appellant means that the state brought him to trial on the eighty-sixth day after arrest and therefore within the statutory period. The appellant argues, conversely, that the speedy trial time was not tolled during this twenty-six day period because the delay was necessitated by the state's failure to provide discovery in a timely fashion. The trial court disagreed with the appellant and found these twenty-six days chargeable to him, meaning that the state brought the appellant to trial within eighty-six countable days. We agree with the appellant's computation.
R.C. 2945.72(E) tolls the speedy trial time for "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused * * *." A defendant's mere request for a pretrial conference does not automatically toll the speedy trial time. State v. Gowe (1983), 13 Ohio App.3d 358,359. However, when the court grants a defendant's request for a pretrial conference, the period necessitated by such request may be charged to the defendant. Id.; see, also, State v.Congrove (June 13, 1988), Pickaway App. No. 87CA13, unreported. Thus, when the record shows nothing facially unreasonable about the amount of time the court took to permit pretrial and the subsequent trial, the speedy trial time is tolled pursuant to R.C. 2945.72(E). State v. Wirtanen (1996), 110 Ohio App.3d 604,608-09; Congrove, supra. For purposes of R.C. 2945.72(E), the speedy trial time is tolled only for the period of delay actually caused by the defendant's motion, proceeding, or action. State v.Mandery (Dec. 22, 1992), Adams App. No. 534, unreported; State v.Frost (Dec. 11, 1992), Scioto App. No. 91CA1995, unreported.
On August 24, 1998, the appellant moved for an additional pretrial, which the court held three days later.[2] The date of the pretrial was just five days before the originally scheduled trial date of September 1, 1998, which satisfied the speedy trial requirements. At the pretrial conference, the appellant's counsel expressed his concern over an accident report that had not been produced:
 MR. ROSENBERGER: * * * [T]here's two things your honor . . . I have made [a] Motion for Discovery and talking with Mr. Beery it appears that there's an accident report that's been prepared by the investigating officer they did not, they are not in possession of that nor has it been turned over so discover [sic] from the state is not complete. * * * I would ask for a possible Motion in Limine regards [sic] to [a] scientific test it [sic] to be filed within seven days. I may not file that but I would like to do research and ask that I might be aloud [sic] to file outside the rule.
 THE COURT: Okay, we'll give you permission to file any motions by September 4, [which is] eight days or more.
Later in the hearing, the court set a new trial date of September 22, 1998 and ordered the state to complete discovery by September 18, 1998. The appellant contends that the twenty-six day delay was not "necessitated" by any action attributable to him. He insists that the state failed to provide discovery in a timely fashion, which forced him to ask for the additional pretrial hearing. We agree. Other appellate courts have concluded that delays attributable to the prosecution's failure to comply with a discovery request do not toll the speedy trial time. See,e.g., State v. McDaniel (July 13, 1994), Miami App. No. 93-CA-38, unreported, at fn. 5; State v. Timson (May 25, 1989), Franklin App. No. 87AP-1212, unreported; but, see, State v. Prather (July 10, 1995), Brown App. No. CA94-08-010, unreported (continuance granted upon defendant's motion did not toll speedy trial time even though defendant's motion stated that state had not provided discovery).
During the pretrial hearing, the appellant's counsel also sought leave to file motions in limine. We do not believe that the delay was caused by seeking leave to file these motions. Rather, the extension to file pretrial motions was necessitated by the state's delay in providing discovery. In other words, the appellant could not seek to exclude what had not been provided by the state, notwithstanding the September 4, 1998 time limit for motion practice.
Having sustained the lone assignment of error raised by the appellant, we reverse the judgment of the trial court and remand with instructions to discharge the appellant.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED WITH INSTRUCTIONS and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: _______________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Prior to the trial date, the state filed a motion for continuance due to a conflicting trial in another court. The court granted the motion and set a September 24, 1998 trial date.
[2] Wirtanen and Congrove interpret R.C. 2945.72(E) to dictate that a defendant is charged with the period of delay between the request for a pretrial hearing and the actual date of the hearing. By this rationale, the appellant in this case would be charged with the three days between August 24, 1998 (the date of his pretrial hearing request) and August 27, 1998 (the date of hearing). The trial court charged the appellant only with the period of time beginning August 27, 1998, and not for the additional three-day period between the appellant's request for hearing and the hearing itself. The state does not challenge this determination. We therefore assume without deciding that the state is charged with the period of time between August 24, 1998 and August 27, 1998.