THE STATE OF OHIO, APPELLEE, *v.* GOWE, APPELLANT.

(No. 1285—Decided December 28, 1983.)

*Mr. Lawrence J. Courtney,* city prosecutor, for appellee.

*Mr. Eric D. Ritz,* for appellant.

GEORGE, J. Donald J. Gowe was cited on June 11, 1983, for the traffic offense of failure to yield at an intersection while turning left. (Medina Ordinance Section 331.17.) On June 13, through his attorney, Gowe entered a written plea of not guilty and requested a pretrial hearing on this minor misdemeanor. A pretrial was set for July 6. On the date of the scheduled pretrial, defense counsel did not appear and trial was then set for July 20, which was thirty-eight days from the date of the citation.

On July 19, Gowe filed a motion to dismiss on the ground that there was a failure to bring him to trial within the statutory thirty-day period set forth in R.C. 2945.71. A hearing was held on the motion to dismiss prior to trial. The trial court took the motion under advisement and the matter proceeded to trial. Thereafter, a judgment entry was issued denying the motion to dismiss and finding Gowe guilty of the offense.

Gowe assigns as his first error that the trial court erred when it denied his motion to dismiss on the basis of a failure to follow the speedy trial statute. R.C. 2945.71 *et seq.* In support of this assigned error, Gowe cites three cases: *State* v. *Lee* (1976), 48 Ohio St. 2d 208 [2 O.O.3d 392], which concerned a continuance of the date for trial upon the court's own motion; *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171 [8 O.O.3d 162], which concerned the setting of a trial six months after the pretrial; and finally, *State* v. *Pachay* (1980), 64 Ohio St. 2d 218 [18 O.O.3d 427], which involved the validity of the speedy trial statutes in the context of the constitutional separation of powers doctrine. None of these cases deals with facts similar to those presented here.

In the present case, Gowe requested

that he be given a pretrial; he concedes that he did not have a right to a pretrial. Rather, the pretrial was granted solely within the discretion of the trial court. Crim. R. 17.1. The trial court granted Gowe's request and scheduled the pretrial for July 6. Clearly, the pretrial must precede the trial. Further, the pretrial could provide information which would dispose of the need for the matter to proceed to trial.

Gowe's trial was held eight days beyond that time provided for a minor misdemeanor. However, the time lapse from the date of Gowe's request for a pretrial (June 13) to the date of the pretrial (July 6) is chargeable to Gowe. R.C. 2945.71(E). This is a twenty-three day period necessitated by Gowe's request. Deducting that period means that Gowe was brought to trial within fifteen days of the citation.

The twenty-three days between the request for the pretrial and the pretrial cannot be said to be an unreasonable time within which to provide a supplementary court proceeding. Neither is it sufficient to demonstrate an avoidance of the requirements of the speedy trial statute. Gowe requested that he be provided with an additional court proceeding, a pretrial. Such a proceeding would not have been given to him, but for his request.

A request for a pretrial does not automatically extend the statutory time requirements. However, the record does affirmatively demonstrate that the pretrial was granted upon Gowe's own request. Further, it extended the trial date by eight days which cannot be said to be a lengthy continuance. Certainly, there is nothing facially unreasonable about the amount of time taken to provide Gowe with a pretrial and subsequent trial. This court does not find that Gowe was denied a speedy trial. Therefore, this assignment of error is without merit.

Gowe's second and third errors assigned deal with the weight of the evidence and they will thus be discussed together.

Gowe's Crim. R. 29 motion for acquittal at the close of the city's case was denied. At the trial, the city presented two eyewitnesses who were not involved in the accident with Gowe's vehicle. These witnesses offered sufficient evidence which could sustain a conviction. Therefore, the trial court did not err in denying the motion for acquittal.

Gowe testified that he waited in the middle of the intersection until the light changed to red before continuing his left turn. Even so, the record offers sufficient evidence, if believed, which could convince the trier of fact of Gowe's guilt beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. The weight to be given to particular evidence and the credibility to be given to a particular witness both involve questions which lie exclusively within the province of the trier of fact. This court will not interfere in such determinations.

Therefore, the assignments of error dealing with the sufficiency of the evidence are without merit and are likewise overruled. The judgment of the trial court is accordingly affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.