The STATE of Ohio, Appellee,

v.

HENGSTLER, Appellant.

[Cite as *State v. Hengstler* (1991), 75 Ohio App.3d 400.]

Court of Appeals of Ohio,
Logan County.

No. 8–90–18.

Decided July 30, 1991.

*William T. Goslee,* for appellee.

*Lawrence A. Huffman,* for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal by Gregory Hengstler from the judgment of the Bellefontaine Municipal Court of Logan County entered October 4, 1990, finding Hengstler guilty and sentencing him on his pleas of no contest to charges of

driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving left of center in violation of R.C. 4511.29.

On May 20, 1990, Hengstler was issued a summons upon citations for the traffic violations described above. At arraignment, May 21, 1990, defendant, without counsel, entered his not guilty plea. The court set trial for June 28. On June 6, 1990, Hengstler retained counsel who filed a discovery request and demand for jury trial. The trial court then vacated the trial date previously set, sending to counsel notice of a pretrial conference to be held June 28th. Assignment notices sent to defendant and counsel bear the admonition in capital letters "DEFENDANT MUST APPEAR AT ALL HEARINGS."

Hengstler did not attend the pretrial hearing on June 28 and neither did his counsel of record. An associate appeared in the latter's stead apparently without the authority to negotiate a plea or to assist in settling or narrowing issues in the case.

The trial court, *sua sponte*, set a second pretrial conference for August 21, 1990. On August 21, 1990, defense counsel moved for dismissal for failure to bring defendant to trial within the time allowed by R.C. 2945.71 *et seq.* After hearing, August 27, 1990, the trial court denied appellant's motion by entry October 4, 1990, finding that neither defendant nor his trial counsel was present at the pretrial conference held on June 28 and, further, that the time within which the accused must be brought to trial was extended pursuant to R.C. 2945.72(C) and (D) due to defendant's and his counsel's neglect.

By entry October 4, 1990, upon appellant's change of plea to no contest at the August 27 hearing, the trial court entered judgment finding appellant guilty of driving under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1) and driving left of center in violation of R.C. 4511.29. The court fined defendant $25 for driving left of center and $400 for driving under the influence, suspended his driver's license for six months, assessed six points against his driver's license and sentenced him to three days in the Logan County Jail.

It is from this judgment that appellant now appeals asserting a single assignment of error which is:

"The trial court erred in overruling the motion to dismiss for want of a speedy trial."

R.C. 2945.71(B)(2) provides that a person against whom a misdemeanor of the first or second degree is charged must be brought to trial within ninety days after his arrest or service of summons. R.C. 2945.72 sets forth circum-

stances in which the time within which an accused must be brought to trial may be extended and states in pertinent part:

"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

"(D) Any period of delay occasioned by the neglect or improper act of the accused[.]"

R.C. 2945.73 provides that if the accused is not brought to trial within the time specified and there has been no extension of time, upon motion made at or prior to the commencement of trial, the accused shall be discharged. See R.C. 2945.73(B).

The total time limit governing this case is ninety days subject to extension for any delay chargeable to the defense. Defendant was arrested and served with summons on May 20, 1990. On August 21, 1990, ninety-three days after his arrest, the date of the second pretrial, defendant filed his motion to dismiss for want of a speedy trial. The trial court, in overruling this motion, found that the time to bring the accused to trial had been extended because of Hengstler's and his trial counsel's failure to appear at the pretrial conference of June 28, 1990, and that their neglect constituted reasons for extension pursuant to R.C. 2945.72(C) and (D). Nothing in the record discloses why their failure to appear at the pretrial resulted in delay in setting a trial date within the required time.

In proper circumstances, the actions of defendant and his counsel might be considered the type requiring a reasonable extension or continuance of time for trial upon a finding of delay for failure of defendant to abide orders of court concerning appearing at court proceedings. However, in the present case the record reveals substantial delays between each pretrial assignment and, as of August 21, no date for trial had been set within the time allowed for trial. During the twenty-three days which elapsed between the conference on June 28 and appellant's motion for dismissal, the record reveals no effort on the part of the state to bring the case to trial within the statutory time limit. The assignment made was for further pretrial, not trial. Although the state urges such, we can assume no early trial date was to be had thereafter where no such assignment appears in the record. Thus, it was mandatory for the state to try the accused within the time prescribed by R.C. 2945.71, *State v. Pudlock* (1975), 44 Ohio St.2d 104, 73 O.O.2d 357, 338 N.E.2d 524, unless the nonappearance of defendant can be found to have caused such delay. No such finding is evident in the record here.

Therefore, under such circumstances, we are not able to assign delay occurring after the failure of defendant and his counsel of record to appear at the pretrial conference of June 28th as delay attributable to the defense. See *State of Ohio v. Moening* (Feb. 27, 1991), Allen App. No. 1–90–4, unreported, 1991 WL 30641.

By no means is this conclusion to be interpreted as holding that in no circumstances may delay be charged to the defense for failure of defendant or chosen counsel to attend court proceedings or conferences as required by assignment notice or local rule, nor is it to be interpreted as expressing our approval, tacitly or otherwise, of disregard by litigants and counsel of the local rules of the trial courts. Especially, we do not condone or acquiesce in the obvious disregard here by the defendant and counsel of the legitimate and reasonable attendance requirement of the municipal court for persons at liberty on bond or recognizance pending criminal trial. We are not called upon in this case to review the alternative sanctions that might have been imposed by the municipal court upon defendant and counsel for disregard of its rules and orders. However, we note in passing the risk taken by counsel who mistakes the purpose and necessity for such when advising that rules be disregarded.

For the reasons stated herein, the judgment and sentence of the defendant by the Bellefontaine Municipal Court is reversed and the defendant-appellant is discharged.

*Judgment reversed.*

HADLEY and SHAW, JJ., concur.