DECISION AND JUDGMENT ENTRY
This is an appeal from a March 1, 1999 judgment entry of the Sandusky Municipal Court in which the court found appellant, Kelly L. Dillery, guilty of "being a pedestrian in a roadway", a violation of Sandusky Ordinance 371.05(A) and sentenced her to pay a $50 fine. Appellant has filed three assignments of error for consideration that are:
 "1. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO DISMISS.
 "2. THE TRIAL COURT ERRED IN BASING THE CONVICTION OF APPELLANT ON ELEMENTS CONTAINED IN SEPARATE SUBSECTIONS NOT CHARGED IN THE COMPLAINT.
 "3. THE TRIAL COURT ERRED IN CONVICTING APPELLANT WHERE THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION."
Appellant argues, in support of her first assignment of error, that the trial court erred when it denied her motion to dismiss the charge against her due to a violation of her constitutional and statutory right to a speedy trial. She says that since she was charged with committing a minor misdemeanor, the state had thirty days from the date she was served with the summons to bring her to trial. She says that the record clearly shows that she was not brought to trial until forty-eight days after the service of summons. She says that even if it is assumedarguendo that the time for the speedy trial was tolled for the seven days between the date she filed her request for a pretrial, December 8, 1998, and the date of the pretrial, December 15, 1998, and that time was also tolled for seven days from the original trial date of January 14, 1999 (on which date the court was closed due to bad weather) and the rescheduled trial date of January 21, 1999, the days charged against the state still add up to a total of thirty-four; four days past the thirty-day deadline for a speedy trial established in R.C. 2945.71.
Appellee, the state of Ohio, agrees that an individual charged with a misdemeanor in Ohio should be brought to trial within thirty days. Appellee argues, however, that the time for speedy trial was extended in this case, pursuant to R.C.2945.72(E), when appellant asked for a pretrial. Appellee cites to an earlier decision of this court, State v. Wirtanen (1996),110 Ohio App.3d 604, to support its contention that: "when a defendant requests a pretrial and there is nothing unreasonable about the amount of time taken to hold the pretrial and subsequent trial, time can be tolled in determining whether there was a speedy trial violation." Appellee says that in this case there was a reasonable delay caused by appellant's request for a pretrial.
Appellee also contends that the Supreme Court of Ohio has ruled that several factors should be considered when a court is asked to decide whether a defendant has been denied a speedy trial. Appellee cites to State v. O'Brien (1987), 34 Ohio St.3d 7, to support its contention that: "The issues to consider are: the length of the delay, the reason for the delay, the defendant's assertion of his/her right, and the prejudicial effect on the defendant." Appellee then argues that the delay in this case was only four days past the deadline, and that "the reason for the delay was to accommodate the Defendant's pretrial request." Appellee concludes that in any event, appellant has not shown any prejudice from the "minuscule delay".
R.C. 2945.71(A) contains the provisions that establish the time limit for bringing a defendant charged with committing a minor misdemeanor to trial. R.C. 2945.71(A) reads:
 "(A) Subject to division (D) of this section, a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the persons's arrest or the service of summons."
Ohio courts have consistently held that the provisions of the speedy trial statutes must be strictly construed against the state. Brecksville v. Cook (1996), 75 Ohio St.3d 53, 55. Once a defendant presents a prima facie case of a speedy trial violation, the burden shifts to the state to show that some exception(s) applied to toll the time and to make the trial timely.State v. Price (1997), 122 Ohio App.3d 65, 68. If the state is unable to meet its burden, and the trial is held past the time limit (even by a "minuscule amount") the defendant must be discharged. R.C. 2945.73 See, also, State v. Coatoam (1975),45 Ohio App.2d 183, 185-186.
Appellant and appellee agree (as did the trial court) that appellant was served with the summons in this case on December 4, 1998. Since R.C. 2945.71(A) clearly indicates that the time for a speedy trial begins to run from the date of the service of summons, we agree with appellant that the starting date for the running of time in this case is December 4, 1998.
Appellee has argued that once appellant asked for a pretrial, time was tolled. This court has previously said: "where the record demonstrates that the pretrial was granted upon the defendant's own request and there is nothing facially unreasonable about the amount of time taken to permit the pretrial and subsequent trial, this time is tolled pursuant to R.C.2945.72(E)." State v. Wirtanen (1996), 110 Ohio App.3d 604,608-609. Applying that reasoning in this case, we therefore agree that time was tolled from the date appellant requested a pretrial, December 8, 1998, to the date the pretrial was held, December 15, 1998. After the pretrial was held, however, time again began to run.
Accordingly, from the date appellant was served with a summons until the date the pretrial was held, four days of the thirty-day time limit for the speedy trial were chargeable against the state. The trial court scheduled the trial for January 14, 1999. From December 15, 1998 to January 14, 1999 is thirty days which are all chargeable against the state. When those thirty days are added to the four days we have already noted are chargeable against the state, a total of thirty-four days is reached. Accordingly, appellant is correct that the original trial date of January 14, 1999 was four days past the statutorily set deadline for a speedy trial. Therefore, even if we find that the remaining time between the original trial date of January 14, 1999 and the rescheduled trial date of January 21, 1999 was tolled because the rescheduling was unavoidable when the court closed for bad weather on the initial trial date, we must still conclude that the trial was held four days past the thirty day deadline.[1]
Accordingly, we find appellant's first assignment of error well-taken.
Our disposition of the first assignment of error renders appellant's second and third assignments of error moot. The judgment of the Sandusky Municipal Court is reversed. Pursuant to App.R. 12 (B) and R.C. 2945.73(B), this court orders that the charge filed against appellant for a violation of Sandusky Ordinance 371.05(A) be dismissed and that appellant is discharged. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ PETER M. HANDWORK, J.
MELVIN L. RESNICK, J., JAMES R. SHERCK, J., CONCUR.
[1] A chart of the time computed is as follows:
 December 4, 1998 — Time begins to run on date of service of summons
 December 8, 1998 — Time stops running when appellant asks for a pretrial (Four days of the thirty day time limit for a speedy trial have passed).
 December 15, 1998 — Time again begins to run after the pretrial is held
 January 14, 1999 — Thirty more days have passed between December 15, 1998 and this date. Added to the four days that passed between December 4, 1998 and December 8, 1998 that are chargeable to the state, the total time chargeable to the state becomes thirty-four days
 December 21, 1999 — Even if time was tolled from cancellation of January 14, 1999 trial date due to bad weather, the total time chargeable to the state remains thirty-four days.