OPINION
Defendant-appellant Shirley Powell appeals the October 24, 2001 Judgment Entry of the Cambridge Municipal Court which found her guilty of one count of aggravated trespass and one count of menacing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 19, 2001, the Cambridge Police Department arrested appellant and charged her with aggravated trespass, in violation of R.C. 2911.21, a misdemeanor of the first degree, and menacing, in violation of R.C.2903.22, a misdemeanor of the fourth degree. At her May 21, 2001 arraignment, appellant plead not guilty to the charges. Trial was set for July 13, 2001, within speedy trial guidelines.
On July 5, 2001, the trial court appointed Attorney David Bennet as trial counsel. On July 9, 2001, Attorney Bennet filed his motion to withdraw as counsel.[1]
In an August 3, 2001 filing, the trial court set an indigencey hearing for August 9, 2001. In an August 6, 2001 Judgment Entry, the trial court granted Attorney Bennet's motion to withdraw. The trial court also reset the trial for September 1, 2001. On August 9, 2001, appellant filed her application for a court appointed counsel. On the same day, the trial court granted appellant's application and appointed Attorney Charles McKnight as trial counsel.
On August 10, 2001, appellant requested a pretrial. Further, on the same day, appellant refiled her request for discovery. The State complied with the discovery request in an August 27, 2001 filing.
In a September 7, 2001 Judgment Entry, the trial court granted appellant's request for a pretrial and set the pretrial for September 17, 2001. In a September 20, 2001 Judgment Entry, the trial court, on its own motion, continued the trial until October 24, 2001.
At the trial on October 24, 2001, appellant's trial counsel orally moved to dismiss the complaint based upon speedy trial grounds as appellant had not been brought to trial within 90 days of her arrest. The trial court denied the motion.
Following the trial to the court, the trial court found appellant guilty of both charges. In an October 24, 2001 Judgment Entry, the trial court sentenced appellant to thirty days in the Guernsey County Jail with twenty-seven days suspended on the menacing charge; and thirty days with twenty-seven days suspended on the aggravated trespass charge, ordering the sentences to be served concurrently. It is from this judgment entry appellant prosecutes her appeal, assigning the following error:
 THE TRIAL COURT ERRED IN FAILING TO DISCHARGE DEFENDANT PURSUANT TO R.C. 2945.73.
 I
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
R.C. 2945.71 governs the time within which a hearing or trial must be held. The statute states, in relevant part:
 B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
* * *
 (2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, * * *
* * *
 (E) For purposes of computing time under divisions * * * (B)* * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.
Because in the matter sub judice, appellant was charged with a first degree misdemeanor, the trial court was required to bring the matter to trial within 90 days. However, this 90 day time limit can be tolled, or extended, pursuant to R.C. 2945.72, which states, in relevant part:
 The time within which an accused must be brought to trial, * * * may be extended only by the following:
* * *
 (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *
Speedy trial statutes are to be strictly construed against the State.[2] In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held.[3]
With respect to continuances, the Ohio Supreme Court has required that (1) the granting of a continuance be recorded by the trial court in its journal, (2) the journal entry identify the party to whom the continuance is chargeable, and (3) if the trial court is acting sua sponte, the journal entry so indicate and set forth the reasons justifying the continuance.[4]
The scheduling of a pretrial conference or hearing does not automatically extend the time requirements of R.C. 2945.71.[5]
However, where the record demonstrates the pretrial was granted upon the defendant's own request and there is nothing facially unreasonable about the amount of time taken to permit the pretrial and subsequent trial, this time is tolled pursuant to R.C. 2945.72(E).[6]
However, as the State is obligated to furnish discovery within the statutory speedy trial time period, a motion by a defendant pertaining to discovery does not constitute "action of the accused" within the meaning of RC 2945.72(E) and does not toll the running of the speedy trial time period.[7]
With these rules in mind, we analyze the time within which appellant was brought to trial.
Appellant was arrested on May 19, and released from on May 20, 2001. We do not count the first day. However, because appellant was in jail on May 20, 2001, three days were charged to the State. On July 3, 2001, appellant applied for and received appointed counsel. Accordingly, from May 21st through July 2nd, forty-three days of time were charged to the State, bringing the total to forty-six days. Because appellant requested counsel, July 3 was tolled.[8]
The period from July 4 through July 8, is also charged to the State. These five days bring the total to fifty-one days charged to the State. On July 9th, appellant's trial counsel filed a motion to withdraw tolling the time until the appointment of new counsel on August 9, 2001. The time from August 10th through September 17th, is also tolled because appellant's trial counsel requested a pretrial. We find the amount of time taken to permit the pretrial and subsequent trial was reasonable. The period remaining, from September 18th through October 24th, is also chargeable to the State, thirty-seven days. Because appellant was brought to trial within eight — eight days chargeable to the State. Because appellant was brought to trial within the time permitted by the statutes as referenced above, we find no speedy trial violation.
Appellant's sole assignment of error is overruled.
The October 24, 2001 Judgment Entry of the Cambridge Municipal Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 24, 2001 Judgment Entry of the Cambridge Municipal Court is affirmed. Costs assessed to appellant.
By: Hoffman, P.J., Farmer, J, and Boggins, J. concur.
[1] Attorney Bennet also represented the victim in the same case.
[2] State v. Miller (1996), 113 Ohio App.3d 606, 681 N.E.2d 970.
[3] City of Oregon v. Kohne (1997), 117 Ohio App.3d 179.
[4] State v. Baker (1993), 92 Ohio App.3d 516., citing State v. Minc
(1982), 2 Ohio St.3d 6; and State v. Sider (1979), 57 Ohio St.2d 1, 3, 11 O.O.3d 1, 2, 384 N.E.2d 710, 711.
[5] State v. Wirtanen (1996) 110 Ohio App.3d 604, citing State v.Hengstler (1991), 75 Ohio App.3d 400; State v. Gowe (1983),13 Ohio App.3d 358, 359.
[6] Id., citing Gowe, supra; State v. McLaren (June 21, 1991), Lucas App. No. L-90-201, unreported.
[7] State v Cox (April 1, 1987), Holmes App. No. CA-367, unreported.
[8] Appellant was appointed counsel that same day.