DECISION AND JUDGMENT ENTRY
This is an appeal from several Chillicothe Municipal Court judgments of conviction and sentence. The jury found Donald D. Davis, defendant below and appellant herein guilty of: (1) driving a motor vehicle while under the influence, in violation of R.C. 4511.19(A) (1); (2) resisting arrest, in violation of R.C. 2921.531; (3) driving without a rear license plate light, in violation of R.C. 4513.05; and (4) driving without a seatbelt in violation of R.C. 4513.263. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO DISMISS THE CHARGES AGAINST DEFENDANT APPELLANT FOR FAILING TO FOLLOW THE STATUTORY SPEEDY TRIAL TIME CONSTRAINTS AND DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING THREE NEW POLICE OFFICERS TO TESTIFY ON TRIAL DATE THAT WERE NOT DISCLOSED PER CRIM. RULE SIXTEEN AND PER COURTS [sic] OWN ORDER."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SENTENCING DEFENDANT-APPELLANT ON A THIRD TIME OMVI OFFENSE WHEN NO CERTIFIED COPY OF CONVICTIONS WAS PUT INTO EVIDENCE BY THE PROSECUTOR."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO SUSTAIN DEFENDANT-APPELLANT'S MOTION TO SUPPRESS/DISMISS HEARD AND DECIDED BY THE COURT ON MARCH 21, 2001."
In the early morning hours of December 29, 1999, Ohio State Highway Patrol Troopers Michael Maughmer and Rusty Lanning were driving on Route 50 (Eastern Avenue) near Chillicothe when they observed appellant's Dodge pickup truck exit the "Zane Tavern" parking lot.[1] The truck turned onto Watt Street, pulled to the side of the road and stopped positioned half on the road and half on the berm. Troopers Maughmer and Lanning noted that the truck did not have a rear license plate light and they stopped behind the truck.[2]
Trooper Lanning approached the truck and asked appellant for his driver's license, registration and proof of insurance. Appellant cracked the window, tossed out his license and then rolled the window up. The officer asked appellant to roll the window down again so that they could speak, but appellant refused. Several more times the officer asked appellant to roll the window down or to get out of the vehicle. Appellant, however, refused.
At this point, Trooper Maughmer intervened and instructed appellant to step out of the vehicle. Once again, appellant refused. Trooper Maughmer informed appellant that if he did not exit his truck, he would be arrested. Appellant rolled the window down several inches but refused to get out of the vehicle. Trooper Maughmer informed appellant that he was under arrest and that if he did not step out of the truck, he would be maced and removed by force. Once again, appellant refused. Trooper Maughmer then sprayed mace into the truck. Appellant then again rolled his window up.
Subsequently, a Chillicothe Police Department officer unlocked the truck with a tool ("a slim-jim" or a "lock-jock"). The officers forcibly removed appellant from his vehicle while appellant threatened them with a lawsuit, shouted obscenities and shouted racial slurs at Trooper Maughmer.[3] He was later taken to the Ross County Jail where he continued his belligerent manner and refused to cooperate.
Appellant was cited for several different offenses. Those charges, however, were subsequently dismissed when the arresting officers inadvertently failed to appear at a hearing.[4]
The case at bar commenced on January 4, 2001, when the charges were re-filed. Appellant pled not guilty to all charges.
On January 29, 2001, appellant filed a motion, inter alia, to suppress evidence and to dismiss the charges. The gist of his argument was that the officers did not have probable cause to arrest him. At the March 21, 2001 hearing, Trooper Maughmer described the events surrounding his encounter with appellant. The court ruled from the bench that the arrest was lawful and overruled the suppression motion.[5] The matter was then scheduled for a May 15, 2001 trial.
The day before trial, appellant filed a motion to dismiss on grounds that he had not been tried within the time constraints specified for a "speedy trial" in R.C. Chapter 2945. Appellant asserted that the time that the initial charges were pending had to be added to the time that elapsed in the present case. Once added together, appellant continued, the charges had been pending more than forty (40) days past the speedy trial deadline.
The trial court overruled appellant's motion and the matter proceeded to trial. At trial, Troopers Maughmer and Lanning, as well as several other officers, recounted their version of events of the night in question. At the conclusion of the trial, the jury found appellant guilty of driving under the influence and resisting arrest. Separately, the trial court found appellant guilty of driving without a seat belt and driving without a rear license plate light. The court sentenced appellant and this appeal followed.
In his first assignment of error, appellant asserts that the continued prosecution violated his "speedy trial" rights and that the trial court erred by not dismissing the charges. We agree.
Our analysis begins with the Sixth Amendment to the United States Constitution which guarantees that in all criminal prosecutions, an accused shall enjoy the right to a speedy trial. This guarantee is made applicable to the states through the Fourteenth Amendment Due Process Clause, see Ludwig v. Massachusetts (1976), 427 U.S. 618, 628,49 L.Ed.2d 732, 96 S.Ct. 2781; also see generally Klopfer v. North Carolina (1967),386 U.S. 213, 18 L.Ed.2d 1, 87 S.Ct. 988. Similar protections are afforded under Section 10, Article I of the Ohio Constitution. See Statev. Meeker (1971), 26 Ohio St.2d 9, 268 N.E.2d 589, at paragraph one of the syllabus.
The Ohio General Assembly enacted R.C. 2945.71 et seq. as the statutory means by which to enforce those rights, State v. Pachay (1980),64 Ohio St.2d 218, 416 N.E.2d 589, at the syllabus; State v. Singer
(1977), 50 Ohio St.2d 103, 106, 362 N.E.2d 1216. These provisions are coextensive with the foregoing constitutional protections. State v.Grinnell (1996), 112 Ohio App.3d 124, 130, 678 N.E.2d 231; State v. Mays
(1996), 108 Ohio App.3d 598, 609, 671 N.E.2d 553.
With that in mind, we turn our attention to R.C. 2945.71(B)(2) which mandates that one accused of a first or second degree misdemeanor be brought to trial within ninety days after arrest or service of summons.[6] Ordinarily, this requires a simple calculation of the number of days that elapsed in a pending case. In the cause sub judice, however, we must also include the time that elapsed when the previous charges were pending.[7] Appellant argues in his brief that fifty-eight (58) days elapsed in the previous case. The prosecution argues, however, that forty-one (41) days elapsed and notes that appellant filed several motions that tolled the statute. See R.C. 2945.72(E). Because none of the original papers from that case are included in the record of this case, we are unable to determine which count is correct. We need not, however, make that determination because when one uses the prosecution's count, we believe that the R.C. 2945.71 (B)(2) ninety day deadline had expired by the time of appellant trial.[8] Our calculations are as follows:
 Days carried over from previous case 41 days Service on new charges 1-10-01 to filing of suppression motion on 19 days suppression motion overruled 3-21-01 to filing of motion to dismiss for speedy trial 5-14-01 (day before trial was scheduled) 54 days overruling of motion to dismiss and start of trial 5-15-01 0 days
Total 114 days
The ninety day time limit expired between the time the trial court denied appellant's motion to suppress and the time that appellant filed a motion to dismiss on speedy trial grounds. The prosecution argues that appellant, in essence, waived his speedy trial rights at the time the court overruled his motion to suppress. In support of that argument, the prosecution cites us to the March 21, 2001 suppression hearing transcript. After the court overruled appellant's motion, the court directed both sides to "get together and find a time" that would work with counsels' schedule. Although the transcript ends shortly thereafter, we find nothing more to indicate how the eventual trial date was selected. The prosecution argues that defense counsel must have helped to select, or at least acquiesced, in a trial date beyond the speedy trial deadline and, thus, waived appellant's rights. We are not persuaded.
We do not dispute the general proposition that an accused may waive his constitutional right to a speedy trial as long as the waiver is knowingly and voluntarily made. See State v. King (1994), 70 Ohio St.3d 158, 160,637 N.E.2d 903 citing Barker v. Wingo (1972), 407 U.S. 514, 529,33 L.Ed.2d 101, 92 S.Ct. 2182. We note, however, that the Ohio Supreme Court held that in order to be effective, a waiver "must be expressed in writing or made in open court on the record." (Emphasis added.) King, supra, at the syllabus. The King court imposed very specific requirements and thereby attempted to clarify and put to rest the murky issues that typically surrounded alleged speedy trial waivers. In the instant case, we find no written waiver of speedy trial rights. Thus, to find that appellant waived his speedy trial rights, we must be able to pinpoint when appellant definitively waived his rights in open court and on the record (i.e. in the transcript). Unfortunately, we cannot make that finding here.
Our review of the suppression hearing transcript does not reveal any explicit time waiver. To be sure, the trial court directed counsel for both sides "to get together" and to discuss an "appropriate trial date." The transcript ends, however, after the court made that instruction. Thus, we cannot determine whether defense counsel agreed to try the case beyond the statutory speedy trial deadline.
The prosecution essentially invites us to assume, from the trial court's directive to select a date compatible with appellant's counsel's schedule, that counsel did in fact agree to the trial date. We decline that invitation for several reasons, however. First, as noted above, the transcript does not reveal precisely what transpired and we must indulge every reasonable presumption against a waiver of speedy trial rights. SeeBarker, supra at 525; also see State v. Adams (1989), 43 Ohio St.3d 67,69, 538 N.E.2d 1025; State v. Wisniewski (Nov. 9, 2000), Cuyahoga App. No. 77152; State v. Jackson (Sep. 18, 1998), Montgomery App. No. 17056.
Second, because R.C. 2945.71 encompasses federal and state constitutional guarantees to a speedy trial, the statute must be strictly construed and strictly enforced against the prosecution. See generallyPachay, supra at 221; also see State v. Wirtanen (1996),110 Ohio App.3d 604, 607, 674 N.E.2d 1245; State v. Clark (1995),107 Ohio App.3d 141, 150, 667 N.E.2d 1262. The onus is on the prosecution to ensure that, if a defendant does waive time under the speedy trial statute, the waiver was either in writing or was clearly set out on the record in open court.[9] King, supra.
Finally, the prosecution's assumption that a speedy trial waiver can be found solely on the basis of a trial court's directive to defense counsel to pick a date compatible with his schedule is contrary to well-established law. Recently, in Akron v. Robinson (Apr. 3, 2002), Summit App. No. 20674, the Ninth District held that speedy trial rights cannot be waived "indirectly." The court held that, without a written waiver or evidence of waiver made on the record in open court, the accused could not be held to have waived her speedy trial rights. Other courts, including this court, have held that waivers of speedy trial rights will not be implied from silent records. See e.g. Wisniewski, supra; State v. Cremeans (Jun. 26, 2000), Lawrence App. No. 99CA12;Ottawa Hills v. Afjeh (Jun. 23, 2000), Lucas App. No. L-99-1074; Statev. Penrod (Jun. 5, 1998), Montgomery App. No. 16757.
We have also uncovered two cases that are particularly instructive. InState v. Joy (Mar. 6, 2000), Columbiana App. No. 96CO72, the Seventh District encountered a situation in which defense counsel allegedly made representations that his client would sign and forward a written speedy trial waiver. No written waiver could be found in the original papers, however, and nothing could be found on the record to substantiate counsel's alleged representations. The court held that although the trial court may have "acted in reliance on some statement by counsel," no "affirmative evidence" of that statement existed "actually in therecord." (Emphasis added.) Likewise, in the present case defense counsel may very well have agreed to a trial date, but no "affirmative evidence" actually appears in the record to show that this did in fact occur.
Similarly, in Toledo v. Peake (Oct. 28, 1994), Lucas App. No. L 94-113, the Sixth District affirmed the dismissal of a case on speedy trial grounds despite prosecution claims that defense counsel helped to select a trial date beyond the speedy trial deadline. After "a careful review of the record" at the trial level, the appellate court concluded that "no evidence in the record that appellee `in open court on the record' waived his right to a speedy trial." (Emphasis added.) Here again, in the cause sub judice we note the absence of evidence in the record to substantiate appellant's explicit waiver of his speedy trial rights and agreement to a trial beyond the R.C. 2945.71 time limits.
We acknowledge that this court has previously found speedy trial waivers in cases that involved an admission of a prior waiver or when a trial court stated on the record that a prior waiver occurred and that the defendant or defense counsel failed to dispute that finding. SeeState v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980; State v. Boykin
(Aug. 2, 1994), Gallia App. No. 93CA26; State v. Daniels (May 11, 1994), Lawrence App. No. 93CA22. However, none of those circumstances are present here. We find no admission in the record, by appellant or by counsel, that they expressly agreed to a trial beyond the speedy trial deadline. Moreover, our review of the transcript reveals that the trial court did not explicitly charge appellant with a speedy trial waiver. Thus, we find no reason for appellant to object to the court's pronouncements.
The prosecution points out that the trial court served a "notice of hearing" on defense counsel on March 21, 2001, and alerted him to the May 15th trial date. Apparently, the prosecution implies that appellant somehow waived his speedy trial rights by not bringing the issue to the court's attention when he received that notice. We are not persuaded. The law is clear that criminal defendants have no duty to object to trial dates set outside the limits of the speedy trial statute. See State v.Tope (1978), 53 Ohio St.2d 250, 251, 374 N.E.2d 152; State v. Singer
(1977), 50 Ohio St.2d 103, 362 N.E.2d 1216, at the syllabus. Once again, in the case sub judice the pivotal question is not whether appellant failed to object, but whether appellant agreed to the trial date. We find no evidence in the record to indicate that he did.
For these reasons, we sustain appellant's first assignment of error. Our disposition of appellant's first assignment of error renders moot his three remaining assignments of error. Consequently, they will therefore be disregarded pursuant to App.R. 12(A)(1)(c).
Accordingly, we hereby reverse the trial court's judgment and vacate appellant's convictions. Appellant is hereby discharged.[10]
JUDGMENT REVERSED.[11]
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant be discharged. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] For additional background information on this case, see our decision in State v. Davis (Mar. 22, 2001), Ross App. No. 00CA2566.
[2] Trooper Lanning was a recently commissioned officer. Trooper Maughmer was Trooper Lanning's "coach" and assisted him during the first "90 ninety days of being a trooper."
[3] It appears that appellant made good on his threat to sue the officers. A copy of his Ohio Court of Claims complaint introduced in the trial court names both Troopers Maughmer and Lanning, as well as the Ohio State Highway Patrol, as defendants and alleged various and sundry violations of his legal rights. He asked for $1 million in damages.
[4] Trooper Maughmer testified that he and Trooper Lanning missed the hearing because they were not notified of the court date.
[5] Although an entry to that effect is included in the record of this case, there is no time stamp on the entry and the transcript of docket and journal entries does not show that it was ever filed.
[6] In the case sub judice, the DUI offense is a first degree misdemeanor and the resisting arrest offense is a second degree misdemeanor. See R.C. 4511.99(A) and R.C. 2921.33(D). R.C. 2945.71(D) requires that appellant be brought to trial within the time frame specified for the highest offense charged.
[7] See generally State v. DePue (1994), 96 Ohio App.3d 513, 517,645 N.E.2d 745; State v. Stephens (1977), 52 Ohio App.2d 361, 371,370 N.E.2d 759; also see State v. Buck (Apr. 20, 1999), Ross App. No. 98CA2432.
[8] We parenthetically note that had the correct number of days from the prior case(s) proved critical for calculating the speedy trial times, we would have adopted appellant's figures. It is well-settled that a defendant presents a prima facie case of a speedy trial violation when he demonstrates in a motion that the prosecution failed to bring him to trial within the time limits of R.C. 2945.71. See State v. Jennings, Pike App. No. 00CA654, 2001-Ohio-2565; Asheville v. Sleffel (Apr. 26, 1999), Pickaway App. No. 98CA34; State v. Spencer (Nov. 4, 1998), Scioto App. No. 97CA2536. The burden then shifts to the prosecution to show that the time limit was extended or otherwise waived. See State v. Saunders (Oct. 13, 2000), Gallia App. No. 00CA07; State v. Buck (Apr. 20, 1999), Ross App. No. 98CA2432; State v. McDonald (Oct. 30, 1998), Washington App. No. 97CA49. In the instant case, appellant's motion demonstrated that he was not brought to trial within the required ninety days. The burden then shifted to the prosecution to show that appellant's actions tolled the speedy trial time. Because no copies of those motions were introduced into the record in the instant case, the prosecution would not have met its burden of showing that the time was tolled. Fortunately, however, the few disputed days from the prior case have a negligible impact on our calculation and decision in this case.
[9] We note that some concern existed over this issue when charges were re-filed against appellant. The traffic ticket expressly warned to "check for speedy trial."
[10] Defendants must be discharged if they have not been tried within the required time period and they make the proper motion at, or before, trial. See R.C. 2945.73(B); also see Norton v. Cochran, Summit App. No. 20640, 2002-Ohio-750; State v. Stoff, Greene App. No. 2001CA30, 2001-Ohio-1836; State v. Kroesen (Nov. 16, 2000), Franklin App. No. 00AP-48. Because nothing more remains for the trial court to do in this case, other than to discharge appellant, we enter this judgment pursuant to App.R. 12(B) rather than remand for further proceedings.
[11] We emphasize that our judgment is based solely on grounds that appellant was not brought to trial within the R.C. 2945.71 time frame. We do not reach the merits of this case, or whether the Troopers Maughmer and Lanning had probable cause to arrest appellant, and our decision should not be misconstrued as having reached or passed on those issues.