DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Bryan Municipal Court wherein appellants, Roger A. Farmer and Todd A. Neblo, were found guilty of violating R.C. 5577.04, gross overload, and R.C.4513.34, a permit violation. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On May 3, 2007, appellants were cited for the above violations. On May 9, 2007, appellants each filed with the court a document which stated they wished to enter not guilty pleas to the charges. In addition, appellants specifically requested that the "matter be set for a pretrial and formal hearing, on or after May 26, 2007." On May 25, 2007, the state filed a motion for discovery. A pretrial was scheduled for June 7, 2007. On said date, the court filed a notice of assignment which informed appellants that their cases were being scheduled for trial. The court charged the time to appellants.
 {¶ 3} The cases were scheduled for trial on June 26, 2007. On June 26, 2007, appellants, who had now retained counsel, filed motions to dismiss their cases alleging their speedy trial rights had been violated. The court denied their motions on August 15, 2007. Appellants were found guilty the next day. They now appeal setting forth the following assignment of error:
 {¶ 4} "The trial court committed prejudicial error by not sustaining the appellant's motions to dismiss and applications for discharge."
 {¶ 5} Appellants were each charged with a minor misdemeanor offense and fourth degree misdemeanor. The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee an accused the right to a speedy and public trial. Pursuant to R.C. 2945.71(B)(1), for fourth degree misdemeanors, trial must be held within 45 days of arrest or service of summons in order to effectuate a speedy trial. It is well-established that the Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state. See, e.g., State v. Singer (1977), 50 Ohio St.2d 103. Once a criminal defendant shows that he was not brought to *Page 3 
trial within the permissible period, the accused presents a prima facie case for release. State v. Howard (1992), 79 Ohio App.3d 705, 707. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute. State v.Butcher (1986), 27 Ohio St.3d 28, 31.
 {¶ 6} R.C. 2945.72 sets forth an exclusive list of exceptions that toll the time within which the accused must be tried. It provides in pertinent part:
 {¶ 7} "The time within which an accused must be brought to trial * * * may be extended only by the following:
 {¶ 8} "* * *
 {¶ 9} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 10} Appellants contend that their speedy trial rights were violated because they were not brought to trial until 54 days after their summons. The state contends that a portion of that time was tolled due to appellants' request for pretrials.
 {¶ 11} While requests for pretrial conferences do not automatically extend the statutory time requirements in R.C. 2945.71, the time between a request and pretrial conference will be tolled where the record shows that the pretrial was granted at the defendant's own request and there is nothing facially unreasonable about the time taken to provide the pretrial. State v. Wirtanen (1996), 110 Ohio App.3d 604, 608-609.
 {¶ 12} Here, the record shows that appellants requested pretrials when they filed their not guilty pleas with the court. Twenty-nine days elapsed between the time *Page 4 
appellants requested their pretrials on May 9 until their pretrials took place on June 7. Considering that appellants specifically requested pretrials "on or after May 26" (Saturday of the Memorial Day weekend), at least 17 days later, we do not find 29 days to be a facially unreasonable time. Therefore, the 29 days was rightfully tolled and we conclude that the state brought appellants to trial well within the statutory limit of 45 days. Appellants' assignment of error is found not well-taken.
 {¶ 13} On consideration whereof, the judgment of the Bryan Municipal Court is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1