OPINION
{¶ 1} Defendant-appellant, Thomas Mitchell, appeals his conviction and sentence in the Mahoning County Common Pleas Court for one count aggravated robbery with a firearm specification. Mitchell contends that the State violated his right to a speedy trial by failing to bring him to trial within the time limits set forth in the speedy-trial statute, R.C. 2945.71.
 {¶ 2} On April 30, 2006, Mitchell was arrested for the robbery of a convenience store in Youngstown, Ohio and shooting at a retired sheriffs deputy who discovered the robbery and had attempted to arrest Mitchell as he left the store.
 {¶ 3} On May 1, 2006, Mitchell appeared with counsel in the Youngstown Municipal Court for an initial appearance. A preliminary hearing was held on May 8, 2006, after which the court found that there was probable cause that Mitchell committed the crimes alleged and bound the case over to the Mahoning County Grand Jury for further proceedings.
 {¶ 4} The Mahoning County Grand Jury filed an indictment against Mitchell on June 1, 2006, charging him with one count of aggravated robbery in violation of R.C. 2911.01(A)(1)(C), a first-degree felony, and one count of felonious assault in violation of R.C.2903.11(A)(2)(D), a second-degree felony. Both counts included firearm specifications pursuant to R.C. 2941.145(A).
 {¶ 5} Mitchell was arraigned on June 14, 2006. He pleaded not guilty and was appointed counsel. Pretrial was scheduled for June 20, 2006, and trial for July 19, 2006.
 {¶ 6} On June 20, 2006, a request and demand for discovery notice and receipt was filed by both parties.
 {¶ 7} A jury trial was scheduled for July 19, 2006. At that time, upon Mitchell's request, the matter was continued and rescheduled for July 31, 2006.
 {¶ 8} On July 28, 2006, the State subpoenaed seven police officers to testify at the July 31st jury trial. The convenience store clerk and the retired deputy sheriff were also subpoenaed.
 {¶ 9} On July 31, 2006, the day set for trial, the State moved to continue the *Page 2 
trial until August 21, 2006. The State requested the continuance in order to secure the store's surveillance tape of the robbery and to ensure attendance of the store clerk, who was unavailable for the July 31st trial. Over Mitchell's objection, the trial court deemed the continuance reasonable and necessary and sustained the State's motion.
 {¶ 10} On August 7, 2006, Mitchell filed a pro se motion to dismiss on the basis that his right to a speedy trial had been violated. His attorney filed a similar motion to dismiss on August 21.
 {¶ 11} The court began voir dire on August 21, 2006. Upon agreement of both parties, the court recessed until August 23.
 {¶ 12} A hearing on Mitchell's pro se motion to dismiss and his counsel's motion to dismiss was held on August 23. The court overruled both motions.
 {¶ 13} The jury trial continued on August 23, 2006, with selection of a jury, opening statements, and testimony. Further testimony was taken on August 24. That same day, the jury found Mitchell guilty of aggravated robbery with a firearm specification (count one), but not guilty of felonious assault (count two). Mitchell's sentencing hearing was held on September 27, 2006. The trial court sentenced Mitchell to a ten-year term of imprisonment for the aggravated robbery conviction and three years for the firearm specification. This appeal followed.
 {¶ 14} Mitchell's sole assignment of error states:
 {¶ 15} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS INDICTMENT FOR SPEEDY TRIAL VIOLATION."
 {¶ 16} The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." This right was made applicable to the States by the Fourteenth Amendment. Article I, Section10 of the Ohio Constitution also guarantees an accused the right to a speedy trial.
 {¶ 17} Every person who is charged with an offense for which he may be deprived of his liberty or property is entitled to this fundamental right of a speedy trial. *Page 3 State v. Dunlap, 7th Dist. No. 01-CA-124, 2002-Ohio-3178, at ¶ 10. This is so because the right to a speedy trial "`is premised upon the reality that fundamental unfairness is likely in overlong prosecutions.'"State v. Anderson, 7th Dist. No. 02-CO-30, 2003-Ohio-2557, at ¶ 13, quoting Dickey v. Florida (1970), 398 U.S. 30, 54, 90 S.Ct. 1564, 26 L.Ed.2d 26.
 {¶ 18} Pursuant to R.C. 2945.71(C)(2), the State must bring a person charged with a felony to trial within 270 days after their arrest. If the accused is held in jail in lieu of bail on the pending charge, then each day they are held in jail counts as three days. R.C. 2945.71(E). This is known as the "triple-count" provision. It requires the State to bring the accused to trial within ninety days after their arrest.
 {¶ 19} This Court previously set out the standard of review for speedy trial issues in State v. High (2001), 143 Ohio App.3d 232, 241-242,757 N.E.2d 1176, as follows:
 {¶ 20} "Our standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. Oregon v.Kohne (1997), 117 Ohio App.3d 179, 180, 690 N.E.2d 66, 67; State v.DePue (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745, 746-747. Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. McDonald (June 30, 1999), Mahoning App. Nos. 97 C.A. 146 and 97 C.A. 148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706, 708-709." See, also, State v. Sanchez,110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶ 8.
 {¶ 21} Here, the triple-count provision is applicable because Mitchell was held *Page 4 
solely on the pending charges listed above and was held in jail in lieu of bail. Thus, the State was required to bring him to trial within 90 days.
 {¶ 22} The time for speedy trial begins to run when an accused is arrested; however, the actual day of the arrest is not counted.State v. Brown, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, at ¶ 14. Mitchell was arrested on April 30, 2006. Therefore, Mitchell's speedy-trial clock began to run on May 1, 2006.
 {¶ 23} The State argues that the clock did not begin to run until defense counsel was appointed on June 14, 2006. The speedy-trial time may be extended if there is "[a]ny period of delay necessitated by the accused's lack of counsel." R.C. 2945.72(C). However, the record reveals that Mitchell was represented by counsel at his May 1 initial appearance and that the attorney who would ultimately defend him at trial was appointed the following day on May 2. Therefore, the speedy-trial clock continued to run from May 1, 2006.
 {¶ 24} On June 20, 2006, a "REQUEST AND DEMAND FOR DISCOVERY NOTICE AND RECEIPT" was filed with the trial court. In the first section, Mitchell's attorney makes a "request and demand" for all discovery entitled to him pursuant to Crim. R. 16 and Loc.R. 9. In the next section, Mitchell's attorney contemporaneously acknowledges receiving copies of certain items in response to the aforementioned general discovery request. They included copies of the indictment, the Youngstown Police Department's report, the Youngstown Municipal Court's records, and Mitchell's arrest record. In the last section, the State indicates that it complied with Mitchell's discovery request and proceeds to make a "request and demand" for all discovery to which it is entitled from Mitchell. In other words, the State made a request for reciprocal discovery.
 {¶ 25} To summarize, the speedy-trial clock ran continually from May 1 (the day following Mitchell's arrest) up to, but not including, June 20, 2006 (the date of the State's reciprocal discovery request), amounting to 50 days run. Next, we must determine whether the speedy-trial clock continued to run following the State's June 20, 2006 reciprocal discovery request. *Page 5 
 {¶ 26} "The state's request for discovery, typically, does not toll the speedy trial time. However, a defendant's failure to respond within a reasonable time to that request `constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D).'" State v.Hart, 7th Dist. No. 06 CO 62, 2007-Ohio-3404, at ¶ 14, quoting State v.Palmer, 112 Ohio St.3d 457, 2007-Ohio-374, ¶ 24. Here, there is no allegation that Mitchell failed to respond to the State's reciprocal discovery request within a reasonable time. On July 31, 2006 (41 days later), the date subsequently set for trial, Mitchell's counsel stated, on the record, that he had no witnesses to call or evidence to produce. Additionally, the State agreed, on the record, that Mitchell's speedy-trial clock continued to run. Therefore, although Mitchell's counsel did not respond formally to the request prior to then, the State implicitly acknowledged that a reasonable time to respond to the request had yet to expire at that point and did not assert it as a tolling event at the hearing on Mitchell's subsequent motion to dismiss on speedy trial grounds. Consequently, the speedy-trial clock continued to run from June 20, 2006, the date of the State's reciprocal discovery request.
 {¶ 27} On July 19, 2006, the day scheduled for trial, 79 days had elapsed on the speedy-trial clock. Mitchell's attorney requested a continuance and the trial court reset the trial for July 31, 2006. A trial court may extend the time within which a defendant must be brought to trial by certain events described in R.C. 2945.72. Specifically, R.C.2945.72(H) provides that the speedy trial period may be tolled for the period of any continuance granted on the accused's own motion. State v.Brown, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, at ¶ 41. "[I]t is well-established that defense counsel may request a continuance in order to obtain more time to prepare for the case without the defendant's agreement, and the defendant is bound thereby." State v. Smith, 2d Dist. No. 2003 CA 93, 2004-Ohio-6062, at ¶ 19, citing State v. McBreen (1978),54 Ohio St.2d 315, 376, N.E.2d 593, syllabus.
 {¶ 28} Despite the continuance requested on his own behalf, Mitchell argues that the State was not prepared to go to trial on that day. However, Mitchell can point to no evidence in the record that bears this allegation out. Nevertheless, joint *Page 6 
motions for continuance toll a defendant's speedy trial because they can be attributed to both parties. State v. Brown, 7th Dist. No. 03-MA-32,2005-Ohio-2939, at ¶ 44, citing State v. Davis, (June 30, 1999), 7th Dist. No. 98-CA-97. Therefore, the clock tolled for this period and remained at 79 days until the scheduled jury trial on July 31, 2006.
 {¶ 29} On July 31, 2006, the State moved for a continuance of the trial. The trial court heard arguments on the motion and granted it. The court continued the trial to August 21, 2006 (effectively extending the speedy-trial time to 113 days, 23 days beyond the 90 day limit if not considered a tolling event). Thus, Mitchell argues that this continuance was neither reasonable nor necessary, and as such, it violated his right to a speedy trial.
 {¶ 30} Pursuant to R.C. 2945.72(H), a defendant's speedy-trial time limits may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion." An extension initiated by the State's motion does not necessarily run afoul of the speedy trial time limit. State v. High, 143 Ohio App.3d 232. 242,757 N.E.2d 1176. R.C. 2945.72(H) permits a continuance beyond the ninety-day limit, so long as the continuance is reasonable. State v. Saffell,35 Ohio St.3d 90, 91, 518 N.E.2d 934. In addition, such a continuance must be necessary under the circumstances of the case. Id. In other words, such a continuance must be reasonable in both purpose and length.State v. Clow, 7th Dist. No. 01-CA-70, 2002-Ohio-1564, at ¶ 10, citingState v. Martin (1978), 56 Ohio St.2d 289, 293, 10 O.O.3d 415, 417,384 N.E.2d 239.
 {¶ 31} The record developed below reveals that the continuance and the reasons underlying it were journalized prior to the expiration of the 90-day statutory time period. Again, as of July 31, 2006, 79 days had run on Mitchell's speedy-trial clock. The journalized entry for the Court of Common Pleas was entered on July 31. It states that it was the State of Ohio's motion to continue, and the court deemed it both reasonable and necessary. The reasons for the continuance are detailed in the transcript along with the court's position and ruling. *Page 7 
 {¶ 32} The State had several reasons for its request for continuance. It had not received the video surveillance tape from the night of the robbery, nor the pretrial transcript. Also, the State's material witness was not available to appear for trial on the originally scheduled date. Although the pretrial transcript was not under consideration during the hearing on the motion, the other two items were considered by the trial court and found to be necessary reasons for a continuance. The trial court, furthermore, found the period from July 31 through August 21, less than 30 days, to be reasonable.
 {¶ 33} In similar evidence-related continuances, this court has held that, "[a] continuance for testing that may exculpate a defendant is a reasonable one, even when not on the defendant's own motion." State v.High, at 243. The court was referring to a continuance in order to obtain DNA evidence. In this case, the State requested more time in order to procure the video surveillance tape of the robbery at the convenience store. Because the video evidence, like the DNA evidence inHigh, had the possibility of exculpating the defendant, the continuance to procure the video appears necessary.
 {¶ 34} The unavailability of a material witness, specifically the store clerk and victim as to the aggravated robbery count, Kathy Abbott, was also a necessary reason to delay trial. "It is well settled that the availability of a key prosecution witness is a reasonable ground for granting a continuance pursuant to R.C. 2945.72(H). State v.Gregrich (Mar. 24, 1999), 9th Dist. No. 98-CA-0029, citing State v.Saffell, 35 Ohio St.3d 90, 91, 518 N.E.2d 934
 {¶ 35} The length of the continuance is also at issue. To a degree, the time provisions in R.C. 2945.71 are flexible. State v. Mincy,2 Ohio St.3d 6, 7, 2 OBR 282, 441 N.E.2d 571. See, also, Aurora v. Patrick
(1980), 61 Ohio St.2d 107, 399 N.E.2d 1220; State v. Lee (1976),48 Ohio St.2d 208, 357 N.E.2d 1095. Various appellate courts have held periods of delay due to a witness's unavailability, ranging from 27 to 35 days, reasonable. State v. Clow, 7th Dist. No. 01-CA-70, 2002-Ohio-1564, at ¶ 21. See, also, State v. Saffell; State v. Simmers (Nov. 15, 2000), Marion App. No. 9-2000-53; *Page 8 State v. Egart (June 26, 1998), Ashtabula App. No. 96-A-0073. Other courts have determined that 70 to 112 days for a continuance due to a witness's unavailability is unreasonable. Clow at ¶ 21. See, also,State v. Ritter (Dec. 17, 1999), Ashtabula App. No. 98-A-0065; State v.Wirtanen (1996), 110 Ohio App.3d 604, 674 N.E.2d 1245; State v.Walker (May 27, 1999), Licking App. No. 98CA00121.
 {¶ 36} Reasonableness is the touchstone in determining whether a trial court properly continued a criminal case beyond the speedy trial time limit. Here the trial was delayed for only 21 days, a reasonable length of time to locate the video surveillance and to ensure the material witness's availability at trial. The jury trial did begin on August 21, with voir dire, effectively meeting the statutory requirement of a 90-day speedy trial.
 {¶ 37} Accordingly, Mitchell's sole assignment of error is without merit.
 {¶ 38} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1