DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the June 26, 2007 judgment of the Maumee Municipal Court, which sentenced appellant following his conviction of violating R.C. 4511.19(A)(1)(a), operating a vehicle while under the influence of alcohol; R.C. 4511.19(A)(1)(d), operating a vehicle with a prohibited concentration of alcohol .08-.170; and Village of Whitehouse Code Sec. 331.19, operation of a vehicle at a stop sign. Upon *Page 2 
consideration of the assignments of error, we reverse the decision of the lower court. Appellant, Joseph A. Zavac, asserts the following assignments of error on appeal:
 {¶ 2} "First Assignment of Error: THE TRIAL COURT ERRED IN DENYING APPELLANT A FULL HEARING ON HIS MOTION TO SUPPRESS AND BY DENYING HIS MOTION TO SUPPRESS.
 {¶ 3} "Second Assignment of Error: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS.
 {¶ 4} "Third Assignment of Error: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS — RC SEC. 2945.73."
 {¶ 5} Appellant was arrested on August 22, 2006. However, at a hearing held on January 9, 2007, the prosecution withdrew the charges against appellant because it was unable to proceed at the motion to suppress hearing. The case was re-filed on January 11, 2007, and was ultimately concluded on June 26, 2007. The morning of trial, appellant filed a motion to dismiss the charges on speedy trial grounds pursuant to R.C.2945.73, which the court denied without a hearing. Appellant then pled no contest, was found guilty, and sentenced. Appellant sought a timely appeal to this court.
 {¶ 6} Because appellant's third assignment of error resolves all of the issues in this case, we begin by addressing it first. In his third assignment of error, appellant argues that the trial court erred by denying his motion to dismiss his case on the basis that his speedy trial rights under R.C. 2945.73 were violated. *Page 3 
 {¶ 7} R.C. 2945.71(A)(2) provides that appellant's trial should have been held within 90 days after his arrest. If not, the charges against him must be dismissed upon motion filed prior to the commencement of trial. R.C. 2945.73(B). Once the defendant makes a prima facie showing that his speedy trial rights have been violated, the burden shifts to the prosecution to present evidence to support its claim that the statutory time limit was tolled pursuant to the statute by certain events and, therefore, that the defendant was tried prior to the expiration of the speedy trial time limit. State v. Bucher (1986),27 Ohio St.3d 28, 31, and State v. Geraldo (1983), 13 Ohio App.3d 27, 28, modified on other grounds by State v. Flowers (Aug. 13, 1998), 6th Dist. No. L-92-337, at 2.
 {¶ 8} The parties have raised issue with the following segments of time detailed in the chart attached as Appendix A. The first issue raised is whether the speedy trial time was suspended for 162 days from September 26, 2006 until March 7, 2007. Appellee filed a discovery compliance and also a request for discovery from appellant on September 26, 2006, in the original action and then a supplemental discovery compliance on April 4, 2007, in the re-filed action. Appellant did not file his discovery compliance until March 7, 2007. Therefore, appellee argues that because it waited 162 days for appellant's response to its discovery request, this time period should be charged against appellant. We agree in part.
 {¶ 9} An unreasonable delay by the defendant in responding to a discovery motion tolls the running of speedy-trial time pursuant to R.C.2945.72(D), regardless of whether the state filed a motion to compel discovery. State v. Palmer, *Page 4 112 Ohio St.3d 457, 2007-Ohio-374, paragraphs one and two of the syllabus. However, in this case, the trial court made no finding as to when a reasonable time had passed for responding to the motion so that a determination of what time should be charged against appellant could be made. However, by denying the motion to dismiss, we must presume the regularity of the proceedings and assume that the trial court found that appellant's delay in responding was unreasonable. Therefore, the entire 162-day period was properly charged against appellant.
 {¶ 10} Second, appellant argues that the 44-day delay from appellee's request of a continuance regarding the original motion to suppress hearing was chargeable against appellant because it was due to the fact that appellee could not obtain an officer to testify on that date. The court indicated on its journal that the prosecution requested the continuance and that appellant's counsel consented to it. Appellee argues that while he consented to the continuance he did not agree to waive his speedy trial time. This fact is supported by the entry made by the clerk upon the docket "MOH RESCJ PROS. REQ to 1-9; ATTY CONSENTED BUT WILL NOT WAIVE TIME; PER JUDGE." Upon an examination of the entire record, we find that while appellant did not object to the continuance, it is clear that the court would not charge the time against him. However, since this time period falls within the time-period that appellee was waiting for appellant to respond to appellee's discovery request, this speedy trial issue is moot.
 {¶ 11} Third, appellee argues that the 14-day delay between February 6, 2007 and February 20, 2007, due to the fact that the court was giving appellant time to file his *Page 5 
motion to suppress should be charged against appellant, not the state. However, the judge specifically noted in its journal that the time was not waived by this delay. Appellant had already filed its motion to suppress in the first case and was merely refiling it in the second case. Therefore, it is clear from the face of the record that the trial court did not believe a continuance was necessitated by reason of appellant's motion as required by R.C. 2945.72(E). Such a finding of the trial court will not be overturned on appeal. State v. Moore, 7th Dist. No. 06-MA-15, 2008-Ohio-1190, ¶ 131. However, since this time period falls within the time-period that appellee was waiting for appellant to respond to appellee's discovery request, this speedy trial issue is also moot.
 {¶ 12} Fourth, appellee argues that because the trial dates were scheduled based upon the coordination of the attorneys' schedules, the speedy trial time between these dates must be tolled. Therefore, appellee argues that after the motion to suppress hearing on March 6, 2007 when the trial court scheduled the trial for April 18, 2007, this 43-day period was chargeable to appellant. We disagree. If indeed the trial was delayed due to the actions of appellant, R.C. 2945.72(E), the court had an obligation to make such a notation in its journal entry. It is the duty of the trial court and the prosecution to ensure that a defendant is brought to trial in a timely manner. State v. Davis (Oct. 14, 1988), 11th Dist. No. 1885, at 1. Therefore, any continuances that are necessitated by the defense must be clearly designated on the record. The 43-day continuance from March 6, 2007 until April 18, 2007 is therefore chargeable to the prosecution. *Page 6 
 {¶ 13} Fifth, appellant argues that the 20-day continuance granted because of appellant's motion to dismiss filed on April 18, 2007 until a hearing on May 8, 2007 should be charged to the prosecution because there was no indication by the trial court whether the time was waived by appellant and there was no reason stated for the continuance. Appellee argues that the time is automatically charged to appellant because it was due to the filing of his motion. Appellant argues, however, that the continuance was solely to give appellee time to research the issue and prepare a response to appellant's motion.
 {¶ 14} Generally, the scheduling of a pretrial conference or the grant of a continuance does not automatically extend the time requirements of R.C. 2945.71. State v. McRae (1978), 55 Ohio St.2d 149, 151-152, andState v. Gowe (1983), 13 Ohio App.3d 358, 359. However, when trial is delayed due to the filing of a motion of the defendant or a request for a continuance by the defendant, R.C. 2945.71(E) (H) apply and the time of delay is charged against the defendant. State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, syllabus, and State v. McRae (1978),55 Ohio St.2d 149, 151-152. Where the continuance is not based upon the defendant's request, it will extend the speedy trial time only if the continuance is reasonable based upon the circumstances of that case. R.C. 2945.72(H) and State v. Saffell (1988), 35 Ohio St.3d 90, 91. Furthermore, because the court speaks only through its journal, the court must, at a minimum in such cases, enter the order of continuance prior to the expiration of the time limit prescribed in R.C. 2945.71 and indicate, although not necessarily formally name, the party to whom the *Page 7 
continuance is chargeable, whether the trial court is acting sua sponte or upon a motion, and the reasons justifying the continuance. State v.King (1994), 70 Ohio St.3d 158, 162-163, State v. Mincy (1982),2 Ohio St.3d 6, syllabus, and State v. McNeal, (June 30, 1999), 6th Dist. No. E-98-043, at 2. Such additional information is not needed where the continuance is due to a motion or action initiated by the defendant. R.C. 2945.72(E).
 {¶ 15} In this case, the record clearly indicates that the continuance was warranted by the motion to dismiss filed by appellant and on its face was for a reasonable length of time. Therefore, pursuant to R.C.2945.72(E), the 20-day time period was chargeable against appellant.
 {¶ 16} Sixth, appellee argues that on May 8, 2007, after appellant's motion to dismiss was denied, the court set trial for June 26, 2007, without indicating a reason for the delay or other facts to indicate against whom the time should be charged. Appellant argues that this 49-day period is chargeable to appellee. Appellee contends that the date was predicated upon the schedules of the parties and, therefore, is chargeable to appellant.
 {¶ 17} As we noted above, it is the duty of the trial court and the prosecution to ensure that a defendant is brought to trial in a timely manner. State v. Davis, supra. If the trial needed to be schedule beyond the speedy trial time because of the needs of the defense, the record must clearly designate the reason for the continuance. Otherwise, the time is charged against the prosecution. *Page 8 
 {¶ 18} In this case, there is nothing in the record to establish why the trial date was scheduled four days outside the speedy trial limit. Therefore, we find that appellant's speedy trial rights were violated and that the trial court erred by denying appellant's motion to dismiss. Appellant's third assignment of error is well-taken. Having found appellant's third assignment of error well-taken, appellant's remaining assignments of error are rendered moot.
 {¶ 19} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Maumee Municipal Court is reversed and a final judgment of acquittal is entered for appellant. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1