OPINION
{¶ 1} Defendant-appellant, Arntanaro Nelson, initiated this appeal, asserting that his criminal conviction from the Clinton County Court of Common Pleas should be dismissed because his right to a speedy trial was violated.
 {¶ 2} Appellant avers in his single assignment of error that the trial court erred in denying his motion to dismiss when more than 90 days had elapsed between his arrest and trial. *Page 2 
 {¶ 3} Appellate review of speedy-trial issues involves a mixed question of law and fact. State v. High, 143 Ohio App.3d 232, 242,2001-Ohio-3530. A reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. State v.Davenport, Butler App. No. CA2005-01-005, 2005-Ohio-6686, ¶ 8.
 {¶ 4} Ohio recognizes both a constitutional and a statutory right to a speedy trial. Section 10, Article I of the Ohio Constitution; Sixth andFourteenth Amendments to the United States Constitution. Ohio enacted R.C. 2945.71 to 2945.73 to provide specific time requirements for the state to bring a defendant to trial. State v. Baker, 78 Ohio St.3d 108,110, 1997-Ohio-229. Courts must strictly construe these statutes against the state. Brecksville v. Cook, 75 Ohio St.3d 53, 57, 1996-Ohio-171.
 {¶ 5} According to R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest, not including the actual date of his arrest. Crim. R. 45. R.C. 2945.71(E) provides that when a defendant is held in jail in lieu of bail on the pending charge, each day shall be counted as three days.
 {¶ 6} R.C. 2945.72 provides circumstances that extend or toll the time within which a defendant must be brought to trial. State v.Blackburn, 118 Ohio St.3d 163, 2008-Ohio-1823, ¶ 17. R.C. 2945.72, states, in pertinent part, that the time within which an accused must be brought to trial may be extended only by: * * *
 {¶ 7} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; * * *
 {¶ 8} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 9} According to the record provided to this court, the first day in the speedy trial *Page 3 
calculation is February 17, 2007, the day following appellant's arrest. The original trial date in this case was set for May 15, 2007, which was just within the 90-day speedy trial provisions. The public defender was appointed to represent appellant on the day of his arraignment.
 {¶ 10} On March 26, 2007, appellant filed a notice of appearance of new counsel. Also on March 26, appellant's new trial counsel filed a number of motions, including a motion to reduce bond, a motion for disclosure of the identity of the confidential informant, and a motion to disclose grand jury proceedings in the case. The filing of these motions extended the time within which appellant must be brought to trial. See R.C. 2945.72(E); see State v. Rouse, Tuscarawas App. No. 2007 AP 12 0078, 2008-Ohio-5891, ¶ 20 (motion for bond reduction); seeState v. Broughton (1991), 62 Ohio St.3d 253 (motion to obtain grand jury testimony); see State v. Deltoro, Mahoning App. No. 07-MA-90,2008-Ohio-4815, ¶ 20 (motion to disclose identity of confidential informant).
 {¶ 11} While those motions were pending, the trial court issued an entry on April 16, approving the substitution of appellant's counsel. In the same entry, the trial court noted that appellant filed a motion to continue the May trial date so that his new counsel could review discovery. The trial court granted the motion, noting the reason set forth by appellant, and continued the trial date until further order of the court. See R.C. 2945.72(H) (extended by period of any continuance granted on the accused's own motion). In addition, appellant filed another motion to reduce bond.
 {¶ 12} The trial court by entry eventually set a trial date of July 25, 2007. According to an entry of the trial court, a hearing set to argue appellant's pending motions was continued "by agreement of the parties" until June 20.
 {¶ 13} The state filed a motion on July 3 to continue the July 25 trial date, averring that a key witness, a forensic scientist, was unavailable because of a scheduled vacation. Appellant previously filed two motions requiring that expert testimony be presented regarding *Page 4 
the testing of the alleged drugs involved in this case. The trial court granted the state's motion, noting that the state had moved for the continuance and the reasons therefore, and continuing the date "for good cause shown." See R.C. 2945.72(H).
 {¶ 14} On July 12, 2007, the trial court ruled on appellant's motions for grand jury transcripts and disclosure of the confidential informant's identity by denying the former and granting the latter. At the July 25 pre-trial, the trial court set a trial date of September 13, 2007.
 {¶ 15} Appellant filed a motion in limine or in the alternative a motion to exclude evidence on July 25. The trial court denied the motion two days later. See State v. Sanchez, 110 Ohio St.3d 274,2006-Ohio-4478, paragraph two of the syllabus (motion in limine filed by defendant tolls speedy-trial time for a reasonable period).
 {¶ 16} On August 29, 2007, appellant filed his motion to dismiss based on his speedy trial rights. The trial court, sua sponte, continued the trial date to consider appellant's motion to dismiss and set the matter for oral hearing on the September trial date. Appellant also filed a motion for immediate release on August 31, 2007.
 {¶ 17} At the September 13 oral hearing, the trial court heard argument on appellant's motion to dismiss, motion to clarify the record, and motion for immediate release. The trial court gave the parties additional time to file supplemental briefs, and appellant did so. According to the entry for this hearing, a trial date "for the next reasonably available date on the Court's docket" of October 18 was set.
 {¶ 18} The trial court denied appellant's motions on October 1, 2007. Appellant filed a motion to exclude witness testimony on October 17. Appellant's motion to exclude was denied by the trial court October 18, appellant's first day of trial.
 {¶ 19} We have previously delineated a number of tolling events under R.C. 2945.72(E) that occurred upon motions instituted by appellant. *Page 5 
 {¶ 20} Strict adherence to the spirit of the speedy trial statutes requires the trial court in its discretion to rule on the motions expeditiously. State v. Baker, Fayette App. No. CA2005-05-017,2006-Ohio-2516, ¶ 40. In reviewing the time that elapses for the trial court to decide such motions, careful examination of the particular circumstances of the case must be made, considering the complexity of the facts and the difficulty of the legal issues to be resolved, and a reviewing court must be mindful of the time constraints placed on a trial judge's schedule. Id. at ¶ 39, citing State v. Arrizola (1992),79 Ohio App.3d 72.
 {¶ 21} Approximately 108 days elapsed between the filing of appellant's motions for grand jury testimony and for disclosure of the identity of the confidential informant until the trial court decided the issue on July 12. A hearing on the motions was continued by agreement of the parties until June 20. During that time, the trial court indicated that it encountered a scheduling conflict and was required to reschedule a hearing date for appellant's motions to reduce bond. A bond hearing was held and appellant's bond was reduced on June 1.
 {¶ 22} After reviewing the record In this case, we cannot say that the time that elapsed between the filing of the two motions regarding grand jury testimony and the confidential informant and the decisions on those motions was unreasonable or unjustified. See Baker at ¶ 25 (Rules of Superintendence for the Courts of Ohio provide that motions shall be ruled upon within 120 days from the date the motion is filed, and while 120-day time limit is only a "rule of thumb" or guideline, it is useful as indication of amount of time appropriate in the usual case; time spent by trial court in determining the issues raised in a defendant's motion does not count against the time limit for bringing the defendant to trial, so long as the time spent is not excessive and unjustified by the record).
 {¶ 23} In addition to those tolling provisions, four separate trial dates were set in this case. The first trial date was continued at the request of the defendant for his new counsel's *Page 6 
trial preparation purposes. See State v. Kerby, 162 Ohio App.3d 353,2005-Ohio-3734, ¶ 21 (defendant's request for a continuance to prepare for trial extended the time for trial from the date of the request until the new trial date, or, in other words, for the period of the continuance granted at defendant's own request under R.C. 2945.72[H]).
 {¶ 24} The second continuance was granted by the trial court upon the state's motion, due to the unavailability of a key witness, and the third continuance was ordered by the trial court to set a hearing for and consideration of appellant's motion to dismiss.
 {¶ 25} Pursuant to R.C. 2945.72(H), a defendant's speedy-trial time limits may be extended by the period of any reasonable continuance granted other than upon the accused's own motion, and an extension initiated by the state's motion does not necessarily run afoul of the speedy trial time limit. State v. Mitchell, Mahoning App. No. 06-MA-169,2008-Ohio-645, ¶ 30, 34 (well-settled that the availability of a key prosecution witness is a reasonable ground for granting a continuance pursuant to R.C. 2945.72[H]); State v. Saffell (1988), 35 Ohio St.3d 90,91.
 {¶ 26} Courts may sua sponte continue a trial beyond the statutory speedy-trial limit, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit. State v. King, 70 Ohio St.3d 158, 162, 1994-Ohio-412.
 {¶ 27} A continuance must be reasonable in both purpose and length.State v. Martin (1978), 56 Ohio St.2d 289, 293; Mitchell at ¶ 30. If the continuance is not reasonable, the continuance must be charged against the state for speedy trial purposes. Baker, 2006-Ohio-2516, at ¶ 33.
 {¶ 28} We have reviewed the record in reference to the continuances granted in this case and the entries filed for those continuances and find that the record supports the reasonableness of the continuances in purpose and length.
 {¶ 29} To the extent that appellant argues that his constitutional rights to speedy trial *Page 7 
were violated apart from the statutory scheme, we apply the facts to the factors set forth in Barker v. Wingo (1972), 407 U.S. 514, 530,92 S.Ct. 2182, and find no constitutional violation of appellant's speedy trial rights. See Barker (consider whether the delay was uncommonly long, the reason for the delay, whether defendant asserted his right to speedy trial and whether prejudice resulted to the defendant).
 {¶ 30} The record indicates that appellant was brought to trial before the speedy-trial time had elapsed. The trial court did not commit error in its decision in this regard as appellant was not denied his statutory and constitutional speedy trial rights. Appellant's single assignment of error is overruled.
 {¶ 31} Judgment affirmed.
 YOUNG and POWELL, JJ., concur. *Page 1