[Cite as *State v. Willis*, 2016-Ohio-616.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Bowling Green      Court of Appeals Nos. WD-15-006
    WD-15-007

    Appellee

    Trial Court Nos. 14TRC04630
    14CRB01493

Christopher S. Willis      **DECISION AND JUDGMENT**

    Appellant      Decided: February 19, 2016

* * * * *

Matthew L. Reger, Bowling Green Prosecutor, for appellee.

Michael B. Kelley, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is a consolidated appeal from judgments of the Bowling Green

Municipal Court, following that court's conviction of defendant-appellant, Christopher S.

Willis, of one count of reckless operation, second offense (case No. 14TRC04630), and

one count of obstructing official business (case No. 14CRB01493). Because we find that

appellant was not afforded his constitutional right to a speedy trial, we hold that his convictions must be vacated.

{¶ 2} The facts of this case are as follows. On July 26, 2014, at approximately 1:30 a.m., Officer Patrick Moremile of the Wood County Sheriff's Department pulled over a car, driven by appellant, after he determined that appellant was driving 33 m.p.h. in a 25 m.p.h. zone. Moremile also witnessed appellant swerve and cross the center line of the roadway before pulling him over. Appellant was subsequently charged with speeding in violation of R.C. 4511.21(D), operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), a lanes of travel offense in violation of R.C. 4511.25, and driving with an open container of alcohol in violation of R.C. 4301.62 (case No. 14TRC04630). Appellant was transported to the Bowling Green Police Department, where he refused to submit to a breath test. Officer Moremile then obtained a search warrant for appellant's blood and transported him to the Wood County Hospital for that test. Again, appellant refused the test. He was then transported to the Wood County Justice Center and charged with obstructing police business in violation of R.C. 2921.31 (case No. 14CR01493).

{¶ 3} As a result of appellant's refusal to submit to the blood alcohol test, his driver's license was suspended pursuant to an administrative license suspension ("ALS").

{¶ 4} On December 10, 2014, appellant entered pleas of no contest to one amended charge of reckless operation, second offense within one year, a fourth degree misdemeanor, in case No. 14TRC04630, and one count of obstructing official business in

2.

case No. 14CRB01493. On the reckless operation charge, appellant was fined $250, with $100 suspended, and sentenced to 30 days in jail. Of that term, appellant was given credit for 10 days and the balance was suspended. On the obstructing charge, appellant was fined $750, with the entire amount suspended, and was sentenced to 90 days in jail, the entire term suspended. Finally, the court placed appellant on community control until December 10, 2019. In a separate judgment entry, the court continued appellant's ALS through July 26, 2015, but granted him limited driving privileges under numerous conditions. Appellant now challenges the trial court's judgments through the following assignments of error:

I. Appellant received ineffective assistance of counsel due to counsel's serious errors which deprived appellant of a fair trial because counsel failed to raise the issue of speedy trial after appellant's speedy trial rights had been violated, counsel erroneously dismissed appellant's motion to suppress although it had merit, and because the cumulative effects of counsel's errors resulted in ineffective assistance of counsel as a whole.

II. Appellant's no contest pleas were not knowingly and voluntarily entered.

III. An administrative license suspension becomes punitive upon sentencing and must be vacated or subjects appellant to double jeopardy.

IV. Appellant's right to due process was violated due to prosecutor misconduct that affected appellant's substantial rights.

3.

{¶ 5} In his first assignment of error, appellant contends that he was not afforded the effective assistance of counsel in the proceedings below because his trial counsel failed to request a dismissal of the charges on speedy trial grounds and erroneously withdrew a meritorious motion to suppress.

{¶ 6} In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988). Specifically, appellant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense, such that, without the deficient representation, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 7} Appellant first asserts that he was denied his right to a speedy trial and that his trial counsel was ineffective for failing to raise that issue in the court below.

{¶ 8} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). The greatest level of offense for which the defendant is charged determines the time by which he must be brought to trial when he is charged with multiple offenses. R.C. 2945.71(D). Further, each day an accused is held in jail in lieu of bail on the pending charges is counted as three days for purposes of computing the time limit. R.C. 2945.71(E). Once the accused has demonstrated that the speedy trial time period has expired, he has established a prima facie case for dismissal. *State v. Geraldo*, 13 Ohio App.3d 27, 28,

4.

468 N.E.2d 328 (6th Dist.1983). The burden then shifts to the state to demonstrate that sufficient time was tolled or extended pursuant to R.C. 2945.72. *Id.* In calculating the speedy trial time, and considering the possible extensions of that time, the provisions of R.C. 2945.72 are to be strictly construed against the state. *State v. Singer*, 50 Ohio St.2d 103, 108-109, 362 N.E.2d 1216 (1977).

{¶ 9} In this case, the highest level of offense for which appellant was charged was the OVI charge, a first degree misdemeanor. Pursuant to R.C. 2945.71(B) (2), a person charged with a first degree misdemeanor must be brought to trial within 90 days of his arrest. Appellant was arrested on July 26, 2014, and entered his no contest pleas on December 10, 2014. The day of arrest does not count toward the computation of the time by which an accused must be brought to trial. *State v. Lautenslager*, 112 Ohio App.3d 108, 110, 677 N.E.2d 1263 (3d Dist.1996). By our count, 137 days passed between the time of appellant's arrest and the date of his pleas. We must therefore look to the potential tolling events to determine the issue before us.

{¶ 10} The time by which an accused must be brought to trial, may be tolled under the circumstances listed in R.C. 2945.72, including:

> (C) Any period of delay necessitated by the accused's lack of
> counsel, provided that such delay is not occasioned by any lack of diligence
> in providing counsel to an indigent accused upon his request as required by
> law;
>
> * * *

5.

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * *

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]  R.C. 2945.72.

{¶ 11} Accordingly, where an accused requests a continuance of a pretrial, that request tolls the statutory speedy trial period from the date of the request until the date of the rescheduled hearing.  *State v. Grissom*, 6th Dist. Erie No. E-08-008, 2009-Ohio-2603, ¶ 15.  Similarly, an accused's filing of a motion to suppress tolls the time by which the accused must be brought to trial.  *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 25; *State v. Myers,* 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 44.

{¶ 12} The record reveals the following sequence of events.  Appellant was arrested on July 26, 2014.  He then made his first appearance in court on July 28, 2014. The two days that appellant spent incarcerated prior to his initial appearance count as six days under the three-for-one provision of R.C. 2945.71(E).  At his initial appearance on July 28, appellant requested a continuance to obtain counsel, thereby tolling the speedy trial time period.  The court's entry notes that the case is continued at appellant's request and the time is taxed to appellant.

6.

{¶ 13} Appellant next appeared in court with counsel on July 30, 2014, at which time bond was set. Appellant requested a continuance, however, to allow the prosecutor to confirm information regarding appellant's work obligations to his father, and the case was continued until August 1, 2014. The court's entry again notes that the case is continued at appellant's request and that the time is taxed to appellant. At the pretrial on August 1, the court modified the bond to an OR with a SCRAM monitor. Appellant, however, could not access the funds to pay for the SCRAM monitor, as his checkbook was in his vehicle. The state subsequently changed its position regarding the SCRAM monitor, and appellant was released from jail on an OR bond on August 5, 2014. Accordingly, the four days from August 1 to 5 are counted as 12 days for purposes of the speedy trial calculation. In a judgment entry dated August 5, 2014, the court noted the state's dropped position and scheduled the matter for a pretrial on August 20, 2014. The court, however, did not tax the time to appellant, and the speedy trial clock continued to run for 15 more days.

{¶ 14} The parties then appeared in court on August 20, 2014, for a pretrial. At that time, appellant stated that he did not wish to waive his speedy trial rights. The court set a plea bargain deadline of September 29, 2014, and scheduled a trial for October 21, 2014. The court noted on its judgment entry that there was no speedy trial waiver from August 20 to October 21. On September 18, however, appellant filed a motion to continue the September 29 pretrial to October 1. The court granted the motion. Those two days, therefore, represent a tolling event that is counted against appellant. Therefore,

7.

from August 20 to October 1, 40 days are counted against the state in the speedy trial calculation.

{¶ 15} The parties returned to court on October 1 for the previously scheduled pretrial. The transcript from this brief meeting reveals that the parties simply confirmed the previously scheduled trial date of October 21. The judgment entry reflecting that pretrial notes that on motion of appellant, the case is continued until October 21, 2014, for a jury trial and that the time is taxed to appellant. There is nothing in the record, however, to support the court's statement that appellant moved for a continuance. Moreover, the October 21 date for the jury trial had already been scheduled in the court's August 20 judgment entry, when the court expressly stated that there would be no speedy trial waiver from August 20 to the October 21 trial date. Accordingly, on October 1, the speedy trial time continued to run against the state.

{¶ 16} On October 15, 2014, appellant filed a motion for leave to file a motion to suppress out of rule. On October 17, the court granted the motion, scheduled a motion hearing for November 13, 2014, vacated the jury trial and rescheduled it for November 18, 2014. In addition, the court noted in its judgment entry that the case was being continued at appellant's request and the time was taxed to appellant. The filing of a motion to suppress is clearly a tolling event pursuant to R.C. 2945.72.

{¶ 17} On October 23, 2014, the state filed a motion to continue the motion to suppress hearing scheduled for November 13, due to the officer being unavailable. In an order dated October 27, 2014, the court granted the motion as follows: "Upon motion to

8.

continue, said motion is well taken and the same is granted." As the continuance was granted "other than on the accused's own motion," it fell under the provisions of R.C. 2945.72(H). Where a continuance is not based on the defendant's request, it will extend the speedy trial time only if the continuance is reasonable and necessary under the circumstances of the case. *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988). Furthermore, because the court speaks only through its journal, the court must, at a minimum in such cases, enter the order of continuance prior to the expiration of the time limit prescribed in R.C. 2945.71 and indicate, although not necessarily formally name, the party to whom the continuance is chargeable, whether the court is acting sua sponte or on motion, and the reasons for justifying the continuance. *State v. King,* 70 Ohio St.3d 158, 162-163, 637 N.E.2d 903 (1994), *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. Moreover, the reasonableness standard of R.C. 2945.72(H) is to be strictly construed against the state. *State v. Stamps*, 127 Ohio App.3d 219, 224, 712 N.E.2d 762 (1st Dist.1998); *Singer, supra* at 109.

{¶ 18} In its motion to continue, the state simply stated that the officer was unavailable. The state did not explain why the officer was unavailable or by when the officer would become available. Then, in granting the motion, the trial court did not identify who requested the continuance, to whom the continuance was chargeable or specify the reason for granting the continuance. In *Saffell*, *supra*, at 91-92, the court determined that a continuance granted to the state was not unreasonable where the arresting officer was to be on vacation during the dates that the case was scheduled for

9.

trial, and "the reasons for the continuance were specified [in the journal entry] prior to the expiration of the time limit prescribed in R.C. 2945.71." Although the unavailability of a key witness generally constitutes reasonable and necessary grounds for a continuance, *State v. Mitchell*, 7th Dist. Mahoning No. 06-MA-169, 2008-Ohio-645, ¶ 34, the trial court's order in this case did not meet the standard established by *Saffell* and its progeny. *See State v. Zavac*, 6th Dist. Lucas No. L-07-1227, 2008-Ohio-2208, *State v. Mallin*, 6th Dist. Ottawa No. OT-06-040, 2007-Ohio-4476, *State v. Knight*, 2d Dist. Greene No. 03-CA-014, 2005-Ohio-3179, *State v. Wirtanen*, 110 Ohio App.3d 604, 674 N.E.2d 1245 (6th Dist.1996). *Saffell*, at 91, demands that the record affirmatively demonstrate the necessity for a continuance, the reasonableness thereof, and that the reason for the continuance be specified in the journal entry.

{¶ 19} Accordingly, because the record does not support a finding that the continuance of the motion to suppress hearing was reasonable and necessary, the time from November 13 to December 4, when appellant filed his motion to vacate the jury trial and schedule a change of plea hearing, or 21 days, must be charged to the state. The remaining 10 days were tolled by virtue of R.C. 2945.72(E). By our count, 109 days were charged to the state in computing the speedy trial time period in the present case. As such, appellant's right to a speedy trial was violated, his trial counsel was ineffective for failing to file a motion to dismiss, and appellant's convictions must be vacated. The first assignment of error is well-taken in part.

10.

{¶ 20} Given our ruling under the first assignment of error, the second argument on the first assignment of error and the remaining assignments of error are moot.

{¶ 21} On consideration whereof, the judgments of the Bowling Green Municipal Court are reversed. Appellant's convictions and sentences are ordered vacated. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgments reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.