[Cite as *State v. Watkins*, 2018-Ohio-5055.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-18-32

    v.

THOMAS B. WATKINS,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2017 0271

**Judgment Affirmed**

Date of Decision: December 17, 2018

APPEARANCES:

    *Thomas Watkins,* **Appellant**

    *Jana E. Emerick* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Thomas B. Watkins ("Watkins"), pro se, appeals the May 18, 2018 judgment entry of sentence of the Allen County Court of Common Pleas. We affirm.

{¶2} On October 13, 2017, the Allen County Grand Jury indicted Watkins on Count One of burglary in violation of R.C. 2911.12(A)(1), (D), a second-degree felony and Count Two of violating a protection order in violation of R.C. 2919.27(A)(1), (B)(4), a third-degree felony. (Doc. No. 3). On October 30, 2017, Watkins appeared for arraignment and pled not guilty to the counts of the indictment. (Doc. No. 10).

{¶3} On November 28, 2017, the State filed a motion to join this case with another case of Watkins's (case number CR 2017 0373), which the trial court granted on April 18, 2018. (Doc. Nos. 38, 75).

{¶4} On May 16, 2018, Watkins withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to both counts in the indictment. (Doc. No. 121). In exchange for his change of pleas, the State agreed to dismiss case number CR 2017 0373 and recommend that Watkins serve a four-year prison sentence. (*Id.*). The trial court accepted Watkins's guilty pleas, found him guilty, and imposed the sentence recommended by the parties. (Doc. No. 123). The trial

court filed its judgment entries of conviction and sentence on May 18, 2018. (Doc. Nos. 121, 123).

{¶5} On June 15, 2018, Watkins filed a notice of appeal. (Doc. No. 133). He raises one assignment of error for our review.

**Assignment of Error**

**Watkins' Guilty Pleas Were Entered in Violation of the Due Process Clause to the Fourteenth Amendment to the United States Constitution as a Direct Result of Being Deprived Effective Assistance of Counsel.**

{¶6} In his assignment of error, Watkins argues that his guilty pleas were not knowing, intelligent, or voluntary because his trial counsel was ineffective for failing to advise him that his right to a speedy trial was violated.

*Standard of Review*

{¶7} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992),

citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985); *Strickland*, 466 U.S. at 687.

*Analysis*

**{¶8}** Watkins's ineffective-assistance-of-counsel claim centers on his trial counsel's alleged failure to advise him prior to permitting him to plead guilty that his speedy-trial rights had been violated. In other words, Watkins asserts that he would not have pled guilty if his trial counsel had informed him of the speedy-trial violation. *See State v. Street*, 3d Dist. Hancock No. 5-98-09, 1998 WL 682284, *2 (Sept. 30, 1998) ("If a defendant can demonstrate that he received ineffective assistance of counsel in entering his guilty plea and that but for that ineffective assistance he would have proceeded to trial, then we would be required to reverse a defendant's sentence and remand the matter to the trial court to allow the defendant to withdraw his plea."); *State v. Matland*, 7th Dist. Mahoning No. 09-MA-115, 2010-Ohio-6585, ¶ 17 (stating that "allowing 'a defendant to enter a guilty plea after speedy trial time had expired would amount to ineffective assistance of counsel, and thus, could affect the knowing and voluntary nature of the plea.'"), quoting *State v. Heverly*, 7th Dist. Columbiana No. 09 CO 4, 2010-Ohio-1005, ¶ 10, and citing *State v. Gray*, 2d Dist. Montgomery No. 20980, 2007-Ohio-4549, ¶ 21 (concluding that, where trial counsel permitted the defendant to execute a waiver of his speedy-trial rights and later admitted that she was unaware that the time limit had run, "counsel's

failure to move for dismissal strays outside the range of reasonable assistance"). Therefore, an analysis of Watkins's assignment of error necessitates a review of the law pertaining to speedy-trial rights. *See Matland* at ¶ 15.

**{¶9}** "An accused is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Article I, Section 10." *State v. Ferguson*, 10th Dist. Franklin No. 16AP-307, 2016-Ohio-8537, ¶ 12, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32. "Ohio's speedy trial statutes, found in R.C. 2945.71 et seq., were implemented to enforce those constitutional guarantees." *Id.*, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996) and *State v. Blackburn,* 118 Ohio St.3d 163, 2008-Ohio-1823, ¶ 10. "The proper standard of review in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.71 and 2945.72." *Id.*, citing *State v. Jackson*, 10th Dist. No. 02AP-468, 2003-Ohio-1653, ¶ 32, citing *State v. DePue*, 96 Ohio App.3d 513, 516 (4th Dist.1994).

**{¶10}** "R.C. 2945.71 provides the timeframe for a defendant's right to a speedy trial based on the level of offense." *Matland* at ¶ 19. "[A] person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). "The date of the arrest is not included for the purpose of calculating time under the statutes for a speedy trial."

*State v. Taylor*, 3d Dist. Allen No. 1-13-46, 2014-Ohio-1793, ¶ 27, citing *State v. Huston*, 3d Dist. Wyandot Nos. 16-05-23 and 16-05-24, 2006-Ohio-6857, ¶ 7. "However, each day the defendant spends in jail solely on the pending criminal charge counts as three days." *Matland* at ¶ 19, citing R.C. 2945.71(E).

{¶11} "R.C. 2945.72 allows for an extension of the time that the accused must be brought to trial under certain circumstances." *Taylor* at ¶ 28. Excluded from the speedy trial calculation is "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). Also excluded from the speedy-trial calculation is "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).

{¶12} "If the State fails to meet the statutory time limits, then the trial court must discharge the defendant." *Matland* at ¶ 19, citing R.C. 2945.73. "The Supreme Court of Ohio has 'imposed upon the prosecution and the trial courts the mandatory duty of complying' with the speedy-trial statutes." *Id.*, quoting *State v. Singer*, 50 Ohio St.2d 103, 105 (1977). "As such, the speedy-trial provisions are strictly construed against the State." *Id.*, citing *Brecksville*, 75 Ohio St.3d at 57, and *Singer* at 105.

**{¶13}** In this case, the speedy-trial clock began to run on August 15, 2017—the day after Watkins was arrested herein—and ran for 87 days before the speedy-trial time was tolled as a result of Watkins's November 9, 2017 motion to continue his trial. (*See* Doc Nos. 1, 2, 19).[1] Because Watkins remained in jail during that time, 261 days accumulated toward the 270-day limit under the triple-count provision. The trial court rescheduled Watkins's trial for December 11, 2017. (Doc. No. 20). "[I]t is well-established that a defense motion to continue trial tolls the speedy trial clock until the rescheduled trial date." *State v. Caulton*, 7th Dist. Mahoning No. 09 MA 140, 2011-Ohio-6636, ¶ 33, citing R.C. 2945.72(H) and *State v. Brown*, 7th Dist. Mahoning No. 03 MA 32, 2005-Ohio-2939, ¶ 41. *See also State v. Quinnie*, 10th Dist. Franklin No. 12AP-484, 2013-Ohio-1208, ¶ 8.

**{¶14}** During the time when Watkins's speedy-trial "clock" was tolled, Watkins's was released from jail on a recognizance bond on November 16, 2017. (Doc. No. 25). Then, on November 22, 2017, Watkins's trial counsel filed a motion to withdraw, which constituted another tolling event even if Watkins's speedy-trial clock had not already been tolled until December 11, 2017. (Doc. No. 35). *See Matland* at ¶ 42 (stating that "counsel's motion to withdraw constitutes a tolling event, with time beginning to run again when substitute counsel is appointed"), citing *State v. Hart*, 7th Dist. Columbiana No. 06 CO 62, 2007-Ohio-3404, ¶ 21.

---

[1] Watkins contends that he was arrested on August 10, 2017—a date which is refuted by the record. (*See* Doc. Nos. 1, 2).

{¶15} On November 28, 2017, the State filed a motion to join this case with case number 2017 0373. (Doc. No. 38). As a result of Watkins's trial counsel's motion to withdraw and the State's motion to consolidate the cases, the trial court held a hearing on December 11, 2017 to address whether Watkins was entitled to a court-appointed counsel. (Doc. Nos. 39, 40). At that hearing, the trial court granted Watkins two weeks—until December 27, 2017—to gather evidence to support his claim of indigency. (Dec. 11, 2017 Tr. at 22-24). The following day, Watkins's trial counsel filed a motion requesting that the trial court determine his "obligations as Court Appointed Counsel." (Doc. No. 47). Thus, Watkins's speedy-trial clock continued to be tolled until December 27, 2017. *See* R.C. 2945.72(C), (H).

{¶16} However, the trial court rescheduled the December 27, 2017 hearing for the following day. (Doc. No. 48). *See State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 12 (stating that R.C. 2945.72(H) tolls an accused speedy-trial clock for the period of *any* reasonable continuance). And, after the December 28, 2017 hearing, the trial court granted Watkins's trial counsel's motion to withdraw; concluded that Watkins was not indigent; continued its decision on the State's motion to join the cases until February 8, 2018 to provide Watkins time to employ private counsel; and set trial for April 2, 2018. (Doc. Nos. 51, 52). Accordingly, under the facts presented, Watkins's speedy-trial clock continued to be tolled until April 2, 2018. *See* R.C. 2945.72(C), (H).

**{¶17}** Even though Watkins's speedy-trial clock was tolled until April 2, 2018, Watkins continued to engage in conduct that would have tolled the speedy-trial clock if it was not already tolled. On January 22, 2018, Watkins filed a motion, *pro se*, requesting the trial court to reconsider its December 29, 2017 decision concluding that he is not indigent. (Doc. No. 54). *See State v. Baker*, 12th Dist. Fayette No. CA2005-05-017, 2006-Ohio-2516, ¶ 36, 38, 43, 46; R.C. 2945.72(E). In response, the trial court scheduled a hearing for Watkins's motion on February 8, 2018, wherein the trial court denied Watkins's motion to reconsider and continued the matter until March 2, 2018 to provide Watkins time to hire counsel. (Feb. 8, 2018 Tr. at 17-18); (Doc. Nos. 56, 61). However, Watkins failed to appear at the March 2, 2018 hearing. (Doc. No. 62). *See* R.C. 2945.72(D) (stating that the speedy-trial clock is tolled for "[a]ny period of delay occasioned by the neglect or improper act of the accused").

**{¶18}** On March 12, 2018, a new attorney filed a notice informing the trial court that she was now representing Watkins. (Doc. No. 66). That same day, the trial court held a status conference during which the parties jointly moved to continue the trial to a later date to allow Watkins's newly retained counsel adequate time to prepare for trial. (Mar. 12, 2018 Tr. at 3-6). Based on that request, the trial court rescheduled Watkins's trial date for May 14, 2018. (Doc. Nos. 68, 70, 71).

Thus, Watkins's speedy-trial clock continued to be tolled until May 14, 2018. R.C. 2945.72(H).

**{¶19}** On May 8, 2018, the State filed a motion to continue the trial because the State could not locate the victim—its "key" witness—"despite numerous attempts by law enforcement to serve her with a subpoena." (Doc. No. 94). After hearing the State's motion on May 10, 2018, the trial court continued the trial until May 29, 2018. (May 10, 2018 Tr. at 5-6); (Doc. Nos. 96, 98). Therefore, Watkins's speedy-trial clock continued to be tolled until May 29, 2018. *State v. Binks*, 12th Dist. Butler No. CA2017-08-118, 2018-Ohio-1570, ¶ 36 ("'[It is] well-settled that the availability of a key prosecution witness is a reasonable ground for granting a continuance pursuant to R.C. 2945.72(H).'"), quoting *State v. Nelson*, 12th Dist. Clinton No. CA2007-11-046, 2009-Ohio-555, ¶ 25, citing *State v. Mitchell*, 7th Dist. Mahoning No. 06-MA-169, 2008-Ohio-645, ¶ 34. *See also State v. Elliott*, 10th Dist. Franklin No. 03AP-605, 2004-Ohio-2134, ¶ 15.

**{¶20}** However, prior to trial, the State and Watkins reached a plea agreement on May 16, 2018, which effectively terminated the speedy-trial clock in this matter. (Doc. Nos. 121, 122). *See Matland*, 2010-Ohio-6585, at ¶ 48. Therefore, we conclude, under the facts presented, that Watkins's speedy-trial clock was tolled from November 9, 2017 until May 16, 2018, and no additional days accrued to the State's 270-day statutory limit. *See id.*

**{¶21}** For these reasons, since Watkins's speedy-trial argument fails, his ineffective-assistance-of-trial-counsel argument is without merit. *See id.* at ¶ 50. Accordingly, Watkins's assignment of error is overruled.

**{¶22}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**